■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE DERING, Appellant.

The record indicates that Thomas Butera, the 86-year-old victim of the instant crime, was stabbed eight times with a pliers and a screwdriver. Shortly after the attack, a police officer responded to the scene. The officer asked the victim what happened. In response to this question, the victim allegedly said: "They robbed me. They stabbed me. They tried to take my money". Although the police officer was only able to paraphrase the victim's statements, we conclude that the trial court properly admitted these statements into evidence under the spontaneous declaration exception to the hearsay rule, since they were precipitated by a startling event and were not the result of studied reflection (see, People v Brown, 70 NY2d 513; People v Edwards, 47 NY2d 493). The weight to be accorded to the officer's testimony was for the jury's determination (see, People v Parks, 41 NY2d 36, 47).

The defendant further argues that the trial court committed reversible error when it declined to charge the jury, as the defense requested, that the defendant could not be found guilty of felony murder if the intent to rob the victim was formed after the assault upon the victim. We disagree.

The record indicates that the trial court charged the jury that the defendant could be found guilty of felony murder only if they found, inter alia, that the People proved beyond a reasonable doubt that the defendant "caused the death of Thomas Butera while in the course of and in furtherance of the commission or attempted commission of robbery or immediate flight therefrom". This charge was in accord with the language contained in the approved Criminal Jury Instructions (2 CJI[NY] PL 125.25 [3], at 222-227) and was proper in all respects. Moreover, there was sufficient proof presented to the jury to support its factual determination that the homicide occurred in the course of and in furtherance of a robbery (People v Jeffries, 122 AD2d 281, lv denied 68 NY2d 915; cf., People v Rice, 61 AD2d 758).

The sentence imposed was appropriate under the circumstances (see, People v Suitte, 90 AD2d 80). We have considered the defendant's remaining contentions and find them to be without merit. Mangano, J. P., Brown, Kooper and Balletta, JJ., concur.