■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SIGFREDO TAVERAS DIAZ, Appellant.—Appeals by the defendant from two judgments of the Supreme Court, Queens County (Sherman, J.), both rendered November 24, 1987, convicting him of criminal possession of a controlled substance in the seventh degree, upon a jury verdict, under indictment No. 1258/86, and attempted criminal possession of a controlled substance in the fifth degree, upon his plea of guilty, under superior court information No. 7928/87, and imposing sentences.

Ordered that the judgment rendered on superior court information No. 7928/87 is reversed, on the law, and that superior court information is dismissed; and it is further,

Ordered that the appeal from the judgment rendered on indictment No. 1258/86 is dismissed as abandoned.

The defendant was charged under indictment No. 1258/86 with criminal possession of a controlled substance in the third

degree and criminal possession of a controlled substance in the seventh degree for possessing seven packets of heroin on February 27, 1986. The jury found the defendant guilty of criminal possession of a controlled substance in the seventh degree, but indicated that it could not reach a verdict on the remaining, higher count. Thereafter, pursuant to an agreement between the Assistant District Attorney and the defense counsel, the court converted the remaining count into superior court information No. 7928/87 charging the defendant with attempted criminal possession of a controlled substance in the fifth degree and attempted criminal sale of a controlled substance in the fifth degree. On November 24, 1987, the defendant pleaded guilty to attempted criminal possession of a controlled substance in the fifth degree in full satisfaction of the information, and thereby discharged the outstanding felony count of indictment No. 1258/86, which the court only formally dismissed when it accepted the defendant's plea under the information.

On appeal, the defendant contends in relevant part, and the People concede, that his prosecution and conviction on the greater charge after a jury verdict of guilty on the lesser charge was prohibited as violative of his constitutionally guaranteed protection from double jeopardy. We agree.

Under the indictment, the defendant was charged with criminal possession of a controlled substance in the third and seventh degrees for possession of the same seven packets of heroin. As conceded by the People, after being convicted by the jury of only the lesser included charge of criminal possession of a controlled substance in the seventh degree, the defendant could not constitutionally be prosecuted for the greater offense, notwithstanding the latter's conversion into an information charging him with attempted criminal possession and attempted criminal sale of a controlled substance in the fifth degree (Green v United States, 355 US 184, 187; Menna v New York, 423 US 61; People v Prescott, 66 NY2d 216, 220-221, cert denied 475 US 1150).

Accordingly, the judgment of conviction based upon the defendant's plea of guilty is reversed, the information is dismissed, and the sentence imposed thereon is vacated.

Since the defendant does not raise any issues in his brief on appeal regarding the judgment of conviction rendered on indictment No. 1258/86, the appeal therefrom is dismissed as abandoned. Bracken, J. P., Lawrence, Eiber, Harwood and Rosenblatt, JJ., concur.