■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT MAINS, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant was one of two codefendants charged with felony murder and tried separately. He argues on appeal that the People's failure to specify in their bill of particulars which of the codefendants committed the homicidal act deprived him of his constitutional and statutory right of fair notice of the substance of the felony murder charge. Penal Law § 125.25 (3) imposes equal liability both on the principal actor who caused the death and on the accomplice (Donnino, Practice Commentaries, McKinney's Cons Laws of NY, Book 39, CPL art 125, at 495). Moreover, defendant's ability to advance the affirmative defense was not impaired because he in fact did so. Defendant's additional arguments, that the jury verdict was defective and that he was prejudiced at sentencing by reason of the same failure to specify which codefendant was the principal actor, are unpreserved and we decline to reach them in the interest of justice.

We reject defendant's argument that the court's charge with respect to the "in furtherance" requirement of felony murder was improper (see, People v Dering, 140 AD2d 538, lv denied 72 NY2d 956; see also, People v Joyner, 26 NY2d 106, 108-109). Finally, contrary to defendant's argument on appeal, we find that the court's charge on flight was balanced and fair (cf., People v Williamson, 40 NY2d 1073; People v Bell, 38 NY2d 116). (Appeal from Judgment of Supreme Court, Monroe County, Mark, J.—Murder, 2nd Degree.) Present—Doerr, J. P., Boomer, Pine, Balio and Davis, JJ.