■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD HAMMOND, Appellant. [632 NYS2d 836] —Appeal by the defendant from (1) a judgment of the Supreme Court, Kings County (DeLury, J.), rendered November 23, 1993, convicting him of criminal possession of a controlled substance in the third degree (two counts), criminal possession of a controlled

substance in the fifth degree, and criminal possession of a controlled substance in the seventh degree, upon a jury verdict under Indictment No. 7382/92, and (2) a judgment of the same court, also rendered November 23, 1993, convicting him of criminal possession of a controlled substance in the third degree, upon his plea of guilty under Indictment No. 14814/92, and imposing sentences. The appeal under Indictment No. 7382/92 brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment under Indictment No. 7382/92 is modified, on the law, by reversing the conviction of criminal possession of a controlled substance in the seventh degree, vacating the sentence imposed thereon, and dismissing that count; as so modified, the judgment under Indictment No. 7382/92 is affirmed; and it is further,

Ordered that the judgment under Indictment No. 14814/92 is affirmed.

The hearing court properly denied suppression of the physical evidence in question, since the apprehending officer had probable cause to stop and search the defendant (see, People v McRay, 51 NY2d 594; see also, People v Goggans, 155 AD2d 689). At the suppression hearing, an undercover police officer with 11 years experience as a police officer, including five years in the narcotics unit, testified that on June 19, 1992, he observed the defendant, who was standing next to an outdoor free-standing telephone, reach down to a brown paper bag which was lying at the foot of the telephone stand, and extract what "appeared to be a vial" from the bag. The officer further observed that the defendant held the vial, which was approximately one inch in length, between his thumb and forefinger, and that the defendant handed the vial to a buyer who gave the defendant folded money in exchange.

When the defendant was arrested within minutes of the completion of the transaction, he had 24 "decks" of heroin, 18 vials of crack cocaine, $250 in currency, and a beeper on his person. Moreover, when the apprehending officer recovered the paper bag lying on the ground, not far from where the defendant was apprehended, he determined that the bag contained 13 vials of crack cocaine and four bags of marihuana.

Although the defendant failed to preserve for appellate review the issue of whether the court should have dismissed the lesser-inclusory count of criminal possession of a controlled substance in the seventh degree, preservation of this issue is unnecessary to obtain appropriate relief (see, People v Lee, 39

NY2d 388; *see also, People v Butler,* 192 AD2d 543). The defendant is correct in his assertion that his conviction of criminal possession of a controlled substance in the seventh degree must be dismissed pursuant to CPL 300.40 (3) (b).

The defendant's remaining contentions are either without merit or unpreserved for appellate review *(see, People v Udzinski,* 146 AD2d 245; *People v Kazepis,* 101 AD2d 816). Thompson, J. P., Altman, Goldstein and Florio, JJ., concur.