■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERYCK DRAKES, Appellant. [695 NYS2d 100] —Appeal by the defendant from two judgments of the Supreme Court, Kings County (Leventhal, J.), both rendered October 8, 1996, as amended October 29, 1996, convicting him of assault in the second degree and criminal possession of a weapon in the fourth degree under Indictment No. 5677/95, and attempted murder in the second degree, tampering with a witness in the first degree, assault in the first degree (two counts), criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, coercion in the first degree, tampering with a witness in the second degree, tampering with a witness in the third degree, and criminal

contempt in the second degree under Indictment No. 7255/95, upon a jury verdict, and imposing sentences.

Ordered that the judgment under Indictment No. 7255/95, as amended, is modified, on the law, by reversing the conviction of tampering with a witness in the second degree, vacating the sentence imposed thereon, and dismissing that count of Indictment No. 7255/95; as so modified, the judgment under Indictment No. 7255/95, as amended, is affirmed; and it is further,

Ordered that the judgment under Indictment No. 5677/95, as amended, is affirmed.

Although the defendant failed to preserve for appellate review the issue of whether the court should have dismissed the count charging tampering with a witness in the second degree as a lesser-included offense of tampering with a witness in the first degree, preservation of this issue is unnecessary to obtain appropriate relief (*see, People v Manuel,* 237 AD2d 307; *People v Hammond,* 220 AD2d 684). In accordance with the facts of this case, the count charging tampering with a witness in the second degree should have been dismissed as a lesser-included offense of tampering with a witness in the first degree (*see, People v Glover,* 57 NY2d 61; *People v Grier,* 37 NY2d 847).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. S. Miller, J. P., Santucci, Thompson and Smith, JJ., concur.