■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD ISASI, Appellant. [697 NYS2d 297] —Appeal by the defendant from a judgment of the Supreme Court, Queens County

(Demakos, J.), rendered March 30, 1998, convicting him of murder in the second degree (12 counts), attempted murder in the second degree, robbery in the second degree (5 counts), criminal possession of a weapon in the second degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement officials.

Ordered that the judgment is affirmed.

Contrary to the defendant's assertion, the hearing court properly held that his statement to law enforcement officials made before he was given *Miranda* warnings (*see, Miranda v Arizona,* 384 US 436) was voluntary and spontaneous, and was not "triggered by police conduct which should reasonably have been anticipated to evoke a declaration from the defendant" (*People v Gonzales,* 75 NY2d 938, *cert denied* 498 US 833; *see also, People v Lynes,* 49 NY2d 286; *People v Maerling,* 46 NY2d 289). Thus, the court properly denied suppression of that statement.

The defendant also contends that his second statement, taken after he had been given *Miranda* warnings, should not have been admitted into evidence on the ground that it was the fruit of the prior interrogation. However, this argument is academic in light of our determination that his first statement was properly admitted into evidence. In any event, in light of the overwhelming evidence of guilt, including the testimony of a surviving victim who had an opportunity to view the defendant over several hours, any error in the admission into evidence of the subject statements, was harmless (*see, People v Crimmins,* 36 NY2d 230). Ritter, J. P., Krausman, Florio and Feuerstein, JJ., concur.