OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 Defendant was convicted of robbery, reckless endangerment and criminal possession of a firearm. The issue on this appeal by leave of a Judge of this Court is whether the trial court’s refusal to instruct the jury that “the indictment is not evidence of anything” constitutes reversible error.
 

 
 *776
 
 We conclude that the omission in this case of this instruction does not constitute reversible error. We agree with the Appellate Division that, while the instruction should be given, defendant was not deprived of a fair trial, considering the court’s jury instructions in their entirety. The absence from the final charge to the jury of the instruction that the indictment is not evidence — which was given during jury selection — does not warrant a reversal of the conviction in this case. In the whole context here, we also note that the trial court gave ample emphasis in the final jury charge that the jury’s verdict must be based on an assessment only of the evidence — which the court summarized — and that the defendant was always protected by the presumption of innocence.
 

 Carter v Kentucky
 
 (450 US 288) and
 
 Taylor v Kentucky
 
 (436 US 478) are distinguishable and therefore do not compel a different result. Lastly, defendant’s additional reliance on
 
 People v Newman
 
 (46 NY2d 126) is misplaced. There, this Court concluded that the trial court’s refusal to inform the jury in its charge that the prosecution had the burden of proving every element of the crimes charged beyond a reasonable doubt as specifically mandated by CPL 300.10 (2) was reversible error.
 

 We have considered defendant’s other claim and conclude that it is without merit.
 

 Chief Judge Kaye and Judges Bellacosa, Smith, Levine, Ciparick, Wesley and Rosenblatt concur.
 

 Order affirmed in a memorandum.