■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHANIEL EVANS, Appellant. [698 NYS2d 912] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Griffin, J.), rendered August 27, 1997, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's assertions, the trial court did not err in denying his motion for a missing witness charge (*see, People v Ortiz,* 83 NY2d 989). The People established that the testimony sought would have been merely cumulative (*see, People v Gonzalez,* 68 NY2d 424; *People v Tate,* 199 AD2d 291).

The sentence was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are without merit. Ritter, J. P., McGinity, H. Miller and Feuerstein, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRANCE FERRELL, Appellant. [699 NYS2d 120] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rosenzweig, J.), rendered December 15, 1997, convicting him of criminal possession of a weapon in the third degree (two counts) and resisting arrest, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing (O'Dwyer, J.H.O., at the hearing; Dunlop, J., on the order), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Two police officers on routine patrol late at night observed the defendant quickly pedaling a bicycle, while repeatedly looking around and behind him, in an area where numerous robberies had recently been committed by perpetrators on bicycles. Based on their observations, the officers had an objective, credible reason to approach the defendant to request information (*see, People v Reyes,* 83 NY2d 945, *cert denied* 513 US 991; *People v Hollman,* 79 NY2d 181, 190; *People v Crawford,* 262 AD2d 330). The defendant immediately fled and discarded a handgun, providing the officers with probable cause for his arrest (*see, People v Jackson,* 249 AD2d 327). Thus, the Supreme Court properly denied suppression of the weapon.

The defendant's remaining contention is without merit. Altman, J. P., Florio, H. Miller and Schmidt, JJ., concur.