■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID CAMPBELL, Appellant. [703 NYS2d 498] —Appeal by the defendant from a judgment of the Supreme Court, Kings County, rendered March 19, 1998, convicting him of criminal contempt in the second degree (Martin, J., at trial, Knipel, J., at sentence) and criminal contempt in the first degree (Knipel, J.), upon jury verdicts, and imposing sentence.

Ordered that the judgment is reversed, on the law, and the indictment is dismissed.

The defendant was charged with criminal contempt in the first degree and criminal contempt in the second degree for violating an order of protection which required him, *inter alia*, to stay away from his former girlfriend. The jury found the defendant guilty of criminal contempt in the second degree, but could not reach a verdict on criminal contempt in the first degree. The Supreme Court, with the consent of the defense counsel, declared a partial mistrial and directed a second trial on criminal contempt in the first degree. After a second jury trial the defendant was found guilty of criminal contempt in the first degree.

The defendant correctly contends that his prosecution for criminal contempt in the first degree after a verdict of guilty on the lesser charge violated the Double Jeopardy clauses of the United States Constitution (US Const 5th, 14th Amends), and the New York Constitution (NY Const, art I, § 6).

The defendant was charged with criminal contempt in the first degree and criminal contempt in the second degree for a single violation of an order of protection. After being convicted by the jury of only the lesser-included charge of criminal contempt in the second degree, the defendant could not constitutionally be prosecuted for the greater charge (*see, People v Diaz*, 167 AD2d 414; *Green v United States*, 355 US

184, 187; *People v Prescott,* 66 NY2d 216, 220-221, *cert denied* 475 US 1150). Accordingly, the judgment of conviction based on the charge of criminal contempt in the first degree is reversed and that charge is dismissed.

During the first trial, the People failed to produce one of the complainant's tape-recorded calls to the 911 emergency number. Because this was *Rosario* material (*see, People v Rosario,* 9 NY2d 286, *cert denied* 368 US 866), the failure to produce it constitutes per se error requiring that the conviction be reversed (*see, People v Ranghelle,* 69 NY2d 56, 63). Inasmuch as the defendant has served his determinate sentence of one year for the conviction of criminal contempt in the second degree, we do not order a new trial on that charge, but dismiss count two of the indictment charging the defendant with criminal contempt in the second degree (*see, People v Flynn,* 79 NY2d 879; *People v Allen,* 39 NY2d 916; *People v Simmons,* 32 NY2d 250). O'Brien, J. P., Sullivan, Goldstein and H. Miller, JJ., concur.