THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CATHERINE GROVE, Appellant. [708 NYS2d 329] —Appeal by the defendant from a judgment of the County Court, Orange County (Berry, J.), rendered July 30, 1998, convicting her of vehicular manslaughter in the second degree, criminally negligent homicide (two counts), driving while intoxicated, and assault in the third degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the defendant's convictions of criminally negligent homicide and driving while intoxicated, vacating the sentences imposed thereon, and dismissing those counts of the indictment; as so modified, the judgment is affirmed.

The defendant's challenge to the admissibility of her blood alcohol test as having been obtained in violation of Vehicle and Traffic Law § 1194 (4) (a) is unpreserved for appellate review (*see*, CPL 470.05 [2]). Further, to the extent that this claim, and the defendant's related claim concerning the effectiveness of counsel on this issue, rely on matters dehors the record, such claims are not properly before this Court on the appeal from the judgment of conviction (*see*, *People v Wells*, 265 AD2d 589). With respect to those aspects of trial counsel's performance which are part of the record and, thus, properly before this court, we conclude that the defendant was not deprived of the effective assistance of counsel (*see*, *People v Wells*, *supra*; *People v Nieves*, 144 AD2d 588).

However, the defendant's convictions of criminally negligent homicide and driving while intoxicated should have been dismissed as lesser included offenses of vehicular manslaughter in the second degree (*see*, CPL 300.40 [3] [b]; *People v Maher*, 79 NY2d 978; *Matter of Corbin v Hillery*, 74 NY2d 279; *People v Eccleston*, 161 AD2d 1184).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Ritter, J. P., Joy, S. Miller and H. Miller, JJ., concur.