■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RASHON HARRISON, Appellant. [708 NYS2d 433] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rios, J.), rendered April 3, 1997, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's *Batson* challenge (*see, Batson v Kentucky,* 476 US 79) was properly denied as he failed to make the requisite prima facie showing of discrimination. It is incumbent upon a party making a *Batson* challenge to articulate and develop all of the grounds supporting the claim, both factual and legal, during the colloquy in which the objection is raised and discussed (*see, People v Childress,* 81 NY2d 263, 268). In support of the *Batson* application, the defendant noted only that the prosecutor used four of five peremptory challenges against black potential jurors and that each of those persons had indicated that they could be fair. In the absence of a record demonstrating other facts or circumstances supporting a

prima facie case, the Supreme Court correctly found that the defendant failed to establish a pattern of purposeful exclusion sufficient to raise an inference of racial discrimination (*see, People v Phillips,* 259 AD2d 565; *People v Willingham,* 253 AD2d 533).

The Supreme Court properly determined that the explanation proffered by the defense counsel when the prosecution made a *Batson-Kern* challenge (*see, People v Kern,* 75 NY2d 638) was a mere pretext offered in an attempt to conceal a racially-discriminatory intent (*see, People v Hawthorne,* 80 NY2d 873; *People v Jupiter,* 210 AD2d 431; *People v McCoy,* 210 AD2d 508; *People v Dixon,* 202 AD2d 12).

We note, however, this Court's disapproval of the manner in which the Supreme Court conducted the voir dire. Joy, J. P., Goldstein, H. Miller and Schmidt, JJ., concur.