■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK JAMES, Also Known as ROGELIO HENRY, Appellant. [717 NYS2d 346] —Appeals by the defendant from (1) a judgment of the Supreme Court, Kings County (Dowling, J.), rendered November 19, 1998, convicting him of criminal possession of a controlled substance in the third degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence, and (2) a resentence of the same court, imposed December 21, 1998, upon his conviction of criminal possession of a weapon in the second degree. The appeals bring up for review the denial, after a hearing (Marrero, J.), of those branches of the defendant's omnibus motion which were to suppress physical evidence and his statement to the police.

Ordered that the judgment and the resentence are affirmed.

Contrary to the defendant's contention, the hearing court did not err in denying suppression of the physical evidence and his statement to the police. The officers' warrantless search of the store where a controlled substance and weapon were found was permissible under the totality of the circumstances (*see, People v Prochilo,* 41 NY2d 759; *People v Gonzalez,* 138 AD2d 622). Additionally, the defendant's statement was properly admitted since it was not prompted by police words or actions, but rather was voluntary and spontaneous (*see, People v Isasi,* 265 AD2d 426; *People v Blunt,* 273 AD2d 146; *People v Ealey,* 272 AD2d 269).

The defendant's *Batson* challenges (*see, Batson v Kentucky,* 476 US 79) were properly denied as he failed to make the requisite prima facie showing of discrimination. It is incumbent upon a party making a *Batson* challenge to articulate and develop all of the grounds supporting the claim, both factual and legal, during the colloquy in which the objection is raised and discussed (*see, People v Childress,* 81 NY2d 263, 268). In support of the application, the defendant noted only that the prosecutor had "pretty much taken off all African-American men." In the absence of a record demonstrating other facts or circumstances supporting a prima facie case, the Supreme Court correctly found that the defendant failed to establish a pattern of purposeful exclusion sufficient to raise an inference of racial discrimination (*see, People v Harrison,* 272 AD2d 554; *People v Phillips,* 259 AD2d 565).

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are unpreserved for appellate review and, in any event, without merit. O'Brien, J. P., Ritter, Santucci and Schmidt, JJ., concur.