■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TONY WHITE, Appellant. [722 NYS2d 900] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Knipel, J.), rendered August 9, 1999, convicting him of robbery in the first degree, robbery in the second degree, grand larceny in the fourth degree, menacing in the second degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The Supreme Court properly rejected the defendant's claim that the prosecutor exercised his peremptory challenges in a discriminatory manner in violation of *Batson v Kentucky* (476 US 79). To establish a prima facie case of discrimination in the selection of jurors, a defendant must demonstrate that "the prosecution exercised its peremptory challenges to remove one or more members of a cognizable racial group from the venire and that there exists facts and other relevant circumstances sufficient to raise an inference that the prosecution used its peremptory challenges to exclude potential jurors because of their race" (*People v Jenkins,* 84 NY2d 1001, 1002; *People v Childress,* 81 NY2d 263, 266). Thus, the party making a *Batson* challenge must "articulate and develop all of the grounds supporting the claim, both factual and legal, during the colloquy in which the objection is raised and discussed" (*People v Harrison,* 272 AD2d 554; *People v Childress, supra*). Contrary to the defendant's contention, his assertion that the prosecutor used a disproportionate number of peremptory challenges to strike potential black jurors from the jury was insufficient to make a prima facie showing of discrimination under *Batson (see, People v James,* 278 AD2d 340; *People v Taylor,* 277 AD2d 260; *People v Harrison, supra*).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Ritter, J. P., Krausman, S. Miller and Feuerstein, JJ., concur.