■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BARRY KENNERLY, Appellant. [798 NYS2d 512]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Erlbaum, J.), rendered March 25, 2003, convicting him of criminal contempt in the first degree and criminal contempt in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the conviction for criminal contempt in the second degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

The defendant's *Batson* challenge (*see Batson v Kentucky*, 476 US 79 [1986]) was properly denied as he failed to make the requisite prima facie showing of discrimination. It is incumbent upon the party making a *Batson* challenge to articulate and develop all of the grounds supporting the claim, both factual and legal, during the colloquy in which the objection is raised and discussed (*see People v Childress*, 81 NY2d 263, 268 [1993]). In support of his application, the defendant argued that the prosecutor used a peremptory challenge to strike the only black male juror, who indicated that he could be fair and impartial, from the first round of jury selection (*see People v James*, 278 AD2d 340, 341 [2000]; *People v Harrison*, 272 AD2d 554 [2000]). In the absence of a record demonstrating other facts or circumstances supporting a prima facie case, the Supreme Court properly determined that the defendant failed to establish a pattern of purposeful exclusion sufficient to raise an inference of racial discrimination (*see People v Harrison, supra*; *People v Phillips*, 259 AD2d 565 [1999]).

However, as the People concede, criminal contempt in the second degree is a lesser-included offense of criminal contempt in the first degree pursuant to CPL 300.40 (3) (b) (*see People v Grier*, 37 NY2d 847 [1975]; *see also People v Campbell*, 269 AD2d 460 [2000]). Accordingly, the defendant's conviction of criminal contempt in the second degree is vacated (*see People v Rodriguez*, 7 AD3d 545 [2004]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]). Florio, J.P., Krausman, Luciano and Spolzino, JJ., concur.