**Rashon HARRISON, Petitioner–Appellant,**

v.

**Thomas RICKS, Superintendent, Upstate Correctional Facility and Eliot Spitzer, Attorney General of New York, Respondents–Appellees.**

**Docket No. 04–4837–PR.**

United States Court of Appeals, Second Circuit.

Oct. 7, 2005.

Svetlana M. Kornfeind, The Legal Aid Society, New York, N.Y, for Petitioner–Appellant.

Donna Aldea, Assistant District Attorney (John M. Castellano, Assistant District Attorney) for Richard A. Brown, District Attorney for Queens County, Kew Gardens, N.Y, for Defendant–Appellant, of counsel.

Present: JACOBS, KATZMANN, and HALL, Circuit Judges.

## SUMMARY ORDER

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that this case is **AFFIRMED.**

Following a jury trial in New York State Supreme Court, Queens County, petitioner-appellant Rashon Harrison was found guilty of criminal sale of a controlled substance in the third degree and sentenced to an indeterminate prison term of eight to sixteen years. During jury selection in advance of that trial, defense counsel claimed, pursuant to *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), that the prosecution was deliberately using its peremptory challenges to strike prospective African–American jurors on the basis of their race, thereby violating the Equal Protection Clause. The trial court held, however, that defense counsel failed to establish a *prima facie* case under *Batson,* and the Appellate Division affirmed that result. *See People v. Harrison,* 272 A.D.2d 554, 708 N.Y.S.2d 433 (2d Dep't 2000) (holding that the trial court correctly held that Harrison "failed to establish a pattern of purposeful exclusion sufficient to raise an inference of racial discrimination").

■ Harrison thereafter filed this habeas petition in order to challenge the propriety of the Appellate Division's *Batson* ruling. The district court—applying the deferential standards of review set forth in

the Antiterrorism and Effective Death Penalty Act, *see* 28 U.S.C. § 2254(d)—concluded that the Appellate Division did not unreasonably apply *Batson* in determining that Harrison failed to establish a *prima facie* case. *Harrison v. Ricks*, 326 F.Supp.2d 372, 379–80 (E.D.N.Y.2004). We agree with this conclusion given that, at the time defense counsel first raised her *Batson* claim: (a) two African–American jurors had already been seated on the jury; and (b) there was not a sufficiently dramatic disparity between the rate at which the prosecution challenged African–American jurors, on the one hand, and the percentage of African–Americans in the jury pool, on the other hand. *See Overton v. Newton*, 295 F.3d 270, 279 (2d Cir.2002).

■ Even as we are compelled to acknowledge the reasonableness of the Appellate Division's ruling, we join the Appellate Division and the district court in expressing disapproval of the manner in which Justice Jaime Rios conducted jury selection in this case. *See People v. Harrison*, 708 N.Y.S.2d at 434; *Harrison*, 326 F.Supp. at 381. For one thing, we are deeply concerned that, in evaluating the defense counsel's challenge to the prosecution's use of peremptories, the trial judge seemed to consider the manner in which defense counsel was exercising her own peremptories. To the extent that he did, this was an obvious misapplication of *Batson* for two important, related reasons: First, the only circumstances that can ever be relevant when a trial court evaluates the strength of a defendant's *prima facie* case are circumstances that raise an inference of discrimination by the *prosecution.* *See Batson*, 476 U.S. at 96, 106 S.Ct. 1712 (providing that a defendant can make out a prima facie case under *Batson* only

where "relevant circumstances" support an inference that the prosecution has exercised its peremptory challenges in discriminatory fashion). The manner in which the defendant exercises his or her own peremptory challenges cannot reasonably be said to buttress—or undermine—an inference of discrimination by the prosecution. Second and similarly, *Batson* and its progeny make clear that *any* peremptory challenge made on account of race violates the Constitution, because it tramples on not only the defendant's Equal Protection rights, but the Equal Protection rights of the excluded jurors, as well. *See Powers v. Ohio*, 499 U.S. 400, 406–09, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991); *cf. Walker v. Girdich*, 410 F.3d 120, 123 (2d Cir.2005) ("[U]nder *Batson* and its progeny, striking even a single juror for a discriminatory purpose is unconstitutional."); *Tankleff v. Senkowski*, 135 F.3d 235 (2d Cir.1998) (holding that the race-based exclusion of a juror is a structural error that can never be harmless). Even assuming *arguendo* that Justice Rios believed that defense counsel was exercising her peremptories in an unconstitutional racially discriminatory fashion, Justice Rios would still have been obligated to proceed to step two of the *Batson* test if "relevant circumstances" supported an inference of discrimination by the *prosecution.*[1]

We are also quite troubled by the fact that, during jury selection, Justice Rios repeatedly denigrated Harrison's trial counsel, a Legal Aid lawyer who, based on our review of the record, zealously and skillfully advocated for her client. We believe that, at least in this one case, Justice Rios did little to bring honor to the bench with his scornful statements.

---

1. We wish to make clear that although Justice Rios clearly misapplied *Batson,* the Appellate Division did not; we affirm only because the Appellate Division's ruling was not an unreasonable application of *Batson.*

For the reasons stated above, the judgment of the district court is hereby AFFIRMED. In addition, we hereby direct the clerk of the court to mail a copy of this summary order to the chambers of Justice Jaime Rios, New York State Supreme Court, Queens County.