*144 SUMMARY ORDER
UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court be and hereby is AFFIRMED.
Petitioner-Appellant Richard Isasi appeals from a judgment of the United States District Court for the Eastern District of New York (Weinstein, /.), entered on June 16, 2004, denying his petition for a writ of habeas corpus. Isasi v. Herbert, Nos. 01-CV-1804, 03-CV-2912, 2004 WL 1727325 (E.D.N.Y. June 16, 2004). In support of his petition, Isasi claimed, inter alia, that a highly inculpatory oral statement that he made to the police was taken in violation of Miranda v. Arizona, 384 U.S. 436, 444, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and that this violation tainted his subsequent written confession. Isasi 2004 WL 1727325, at *6. We assume familiarity with the underlying facts, procedural history, and scope of the issues on appeal.[1]
We review de novo a district court judgment denying habeas relief. See, e.g., Sanchez v. Duncan, 282 F.3d 78, 81 (2d Cir.2002). We overturn a state court determination on the merits only if the state court reached “a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law ... [or] a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.” 28 U.S.C. § 2254(d).
Miranda warnings are not required unless law enforcement agents interrogate a person who is in custody. Miranda, 384 U.S. at 444, 86 S.Ct. 1602; United States v. Mitchell, 966 F.2d 92, 98 (2d Cir.1992). Even if a suspect is in custody, the police are required to administer Miranda warnings only when the police engage in interrogation or its “functional equivalent,” i.e., “express questioning, [as well as] ... any words or actions on the part of the police ... that the police should know are reasonably likely to elicit an incriminating response from the suspect.” Rhode Island v. Innis, 446 U.S. 291, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980)(footnote omitted). Further, when a defendant has made a statement without having been given prior Miranda warnings, and Miranda warnings are then administered, “the admissibility of any subsequent statement would turn ... solely on whether it is knowingly and voluntarily made.” Oregon v. Elstad, 470 U.S. 298, 309, 105 S.Ct. 1285, 84 L.Ed.2d 222 (1985).
As to Isasi’s initial statements to Detective Jorge Sanchez, Isasi argues that they were obtained in violation of Miranda, because he was handcuffed, in custody, and surrounded by law enforcement personnel in a Mexican police office. The state court credited the testimony of Detective Sanchez that he did not ask Isasi any questions during this time and only informed Isasi that he was there to talk to him about an incident that occurred in College Point, New York, in January 1995. Such “determination[s] of ... factual issued] ... shall be presumed to be correct.” § 2254(d). The mere fact of police presence in a police office is not the “functional equivalent” of express questioning. See Arizona v. Mauro, 481 U.S. 520, 528, 107 S.Ct. 1931, 95 L.Ed.2d 458 (1987). Moreover, the fact that Detective Sanchez stated that he knew what had happened in College Point and Isasi’s real name does not mean that Isasi’s statements were not *145 voluntary. See Innis, 446 U.S. at 291, 100 S.Ct. 1682. Significantly, the state court found as a matter of fact that Isasi “blurted” out his statement to the detective and that his statement was “spontaneous” and not “triggered by police conduct which should reasonably have been anticipated to evoke a declaration from the defendant.” People v. Isasi, 265 A.D.2d 426, 697 N.Y.S.2d 297 (1999). We see no basis for concluding that these factual determinations were unreasonable.
Isasi also contends that his second statement, taken after he had been given Miranda warnings, should not have been admitted into evidence on the ground that it was the fruit of the prior, allegedly unlawful, interrogation. The Supreme Court has expressly rejected this theory under which, once an incriminating statement has been made, no subsequent confession can be truly voluntary. Oregon v. Elstad, 470 U.S. 298, 311-314, 105 S.Ct. 1285, 84 L.Ed.2d 222 (1985).
The relevant inquiry is whether, in fact, the second statement was also voluntarily made.... No further purpose is served by imputing “taint” to subsequent statements obtained pursuant to a voluntary and knowing waiver. We hold today that a suspect who has once responded to unwarned yet uneoercive questioning is not thereby disabled from waiving his rights and confessing after he has been given the requisite Miranda warnings.
Id. at 318, 105 S.Ct. 1285 (footnote omitted). Here, no evidence has been presented to indicate that the questioning of Isasi was coercive or that his statements were otherwise involuntary. Therefore, we see no reason not to defer to the state court’s determination that, after the administration of Miranda warnings, Isasi knowingly and intelligently waived his rights and made a voluntary written statement.
Furthermore, in light of the overwhelming evidence of guilt and the fact that Isasi made a complete, detailed written confession after the Miranda warnings, the admission of his pre-warning statement, even if inappropriate, was harmless error. Brecht v. Abrahamson, 507 U.S. 619, 637-38, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993) (on collateral habeas review, “constitutional error of the trial type” is harmless unless it had “substantial and injurious effect or influence in determining the jury’s verdict”); Nova v. Bartlett, 211 F.3d 705, 709 (2d Cir.2000)(admission of statement given in violation of Miranda harmless error where statement is cumulative of properly admitted evidence). Thus, the state court’s decision to not suppress this statement was a reasonable application of federal law.
We have considered the petitioner’s remaining contentions and have found them to be without merit. For the foregoing reasons, the judgment of the District Court denying Isasi’s § 2254 petition is hereby AFFIRMED.

. The District Court granted a certificate of appealability only with respect to whether the detective's introduction of himself to petitioner while petitioner was in Mexico constituted an interrogation, and, if so, whether it tainted petitioner’s subsequent statements made after he was given Miranda warnings.