◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS A. LUBRANO, Appellant. [844 NYS2d 319]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Hinrichs, J.), rendered May 19, 2005, convicting him of criminal contempt in the second degree and resisting arrest, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court correctly denied the defendant's request for a missing witness charge with respect to a particular uncalled witness because the request, which was made after both sides had rested, was untimely (*see People v Simon,* 6 AD3d 733 [2004]; *People v McCloud,* 305 AD2d 428 [2003]). In any event, the defendant failed to make a prima facie showing that the uncalled witness was available and that his testimony would not be cumulative (*see People v Mazyck,* 287 AD2d 654, 655 [2001]; *People v Odom,* 278 AD2d 344 [2000]; *People v Evans,* 266 AD2d 560 [1999]).

The defendant's arguments concerning the trial court's submission of the crime of criminal contempt in the second degree to the jury as a lesser-included offense of criminal contempt in the first degree are not preserved for appellate review (*see* CPL 470.05 [2]; *People v Feliciano,* 308 AD2d 459 [2003]; *People v Youmans,* 251 AD2d 436 [1998]). In any event, the charge was proper, as criminal contempt in the second degree is a lesser-included offense of criminal contempt in the first degree (*see People v Kennerly,* 20 AD3d 491 [2005]; *People v Dewall,* 15 AD3d 498, 501 [2005]; *People v Campbell,* 269 AD2d 460 [2000]), and there was a reasonable view of the evidence that would support a finding that the defendant committed the lesser offense but not the greater (*see* CPL 300.50 [1]; *People v Youmans,* 251 AD2d 436 [1998]).

The trial court's jury charge regarding resisting arrest was proper, as it was in accordance with the language contained in the pattern jury instructions (*see People v McDonald,* 283 AD2d 592, 593 [2001]; *People v Dering,* 140 AD2d 538, 539 [1988]).

The defendant's contention that the trial court erred in ruling that the order of protection was lawfully issued under CPL 530.13 is based upon matter dehors the record, and as such, the contention is not properly before this Court on the appeal from the judgment of conviction (*see People v Grove,* 272 AD2d 480 [2000]).

The defendant's remaining contention is without merit. Schmidt, J.P., Santucci, Skelos and Balkin, JJ., concur.