THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE PROSPECT, Appellant. [856 NYS2d 644]—Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (R. Doyle, J.), rendered August 24, 2006, convicting him of bribe receiving in the second degree and conspiracy in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings pursuant to CPL 460.50 (5).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt.

The defendant's contention that the prosecutor's summation deprived him of a fair trial is unpreserved for appellate review (*see People v Tonge*, 93 NY2d 838, 839 [1999]). In any event, the prosecutor's single improper comment was not so flagrant as to deprive the defendant of a fair trial (*see People v Almonte*, 23 AD3d 392, 394 [2005]).

The evidence adduced at trial regarding the voluntariness of the defendant's statements to the police was insufficient to raise a factual dispute with regard to that issue, and therefore, the trial court properly refused to charge the jury on it (*see* CPL 710.70 [3]; *People v Cefaro*, 23 NY2d 283, 286 [1968]; *People v Powers*, 231 AD2d 744 [1996]; *People v Miner*, 213 AD2d 429 [1995]).

The Supreme Court's jury charge regarding bribe receiving in the second degree was proper, as it was in accordance with the language contained in the pattern jury instructions (*see People v Mateo*, 2 NY3d 383, 416 n 20 [2004], *cert denied* 542 US 946 [2004]; *People v Lubrano*, 43 AD3d 829 [2007]; *People v Mc-*

*Donald,* 283 AD2d 592, 593 [2001]; *People v Dering,* 140 AD2d 538, 539 [1988]). The court also provided a meaningful response to a note from the jury (*see* CPL 310.30; *People v Malloy,* 55 NY2d 296 [1982]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]).

The defendant's contentions raised in points 8, 10, 14, and 17 of his brief are unpreserved for appellate review, and his remaining contentions are without merit. Mastro, J.P., Santucci, Eng and Belen, JJ., concur.