THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE MINGO, Appellant. [887 NYS2d 666]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Erlbaum, J.), rendered October 1, 2007, convicting him of assault in the second degree (four counts), criminal mischief in the second degree, criminal mischief in the fourth degree, aggravated criminal contempt, criminal contempt in the first degree, and criminal contempt in the second degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the conviction of criminal contempt in the second degree and the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

The defendant's contention that he was denied the effective assistance of counsel due to defense counsel's alleged failure to communicate with him during a two-week recess in the trial, based on counsel's mistaken belief that such contact was prohibited, is premised for the most part on matter dehors the

record and cannot, to that extent, be reviewed on direct appeal (*see People v Park,* 60 AD3d 972 [2009]; *People v Holland,* 44 AD3d 874 [2007]). To the extent that the defendant's contention can be reviewed, the record demonstrates that the defendant was not denied meaningful representation (*see People v Taylor,* 1 NY3d 174, 176-177 [2003]; *People v Benevento,* 91 NY2d 708, 712-714 [1998]; *People v Baldi,* 54 NY2d 137, 147 [1981]; *People v Canty,* 32 AD3d 1043, 1044 [2006]).

Contrary to the People's contention, preservation of the defendant's claim that his conviction of criminal contempt in the second degree should have been dismissed as a lesser-included offense of criminal contempt in the first degree is unnecessary to obtain appropriate relief (*see People v Manuel,* 237 AD3d 307 [1997]; *People v Hammond,* 220 AD2d 684, 685 [1995]).

The defendant was convicted of criminal contempt in the first degree under Penal Law § 215.51 (b) (v), which provides, in relevant part, that a person is guilty of that crime when "in violation of a duly served order of protection . . . he or she . . . with intent to harass, annoy, threaten or alarm a person for whose protection such order was issued, strikes, shoves, kicks or otherwise subjects such other person to physical contact or attempts or threatens to do the same."

The defendant also was convicted of criminal contempt in the second degree under Penal Law § 215.50 (3), which prohibits "[i]ntentional disobedience or resistance to the lawful process or other mandate of a court except in cases involving or growing out of labor disputes as defined by subdivision two of section seven hundred fifty-three-a of the judiciary law."

Under CPL 300.40 (3) (b), "[a] verdict of guilty upon the greatest count submitted is deemed a dismissal of every lesser count submitted." The People contend that criminal contempt in the second degree is not a lesser-included offense of criminal contempt in the first degree because it is theoretically possible to commit criminal contempt in the first degree without, by the same conduct, committing criminal contempt in the second degree. The People rely on a provision of the definition of criminal contempt in the second degree that is not found in criminal contempt in the first degree—specifically, that the criminal conduct not "involv[e] or grow[ ] out of labor disputes as defined by . . . the judiciary law" (Penal Law § 215.50 [3]). However, the Court of Appeals has held that the " 'labor disputes' clause operates as a proviso that the accused may raise in defense of the charge rather than an exception that must be pleaded by the People in the accusatory instrument" (*People v Santana,* 7

NY3d 234, 237 [2006]). Thus, the labor dispute defense is not a material element of the charge. Therefore, contrary to the People's contention, criminal contempt in the second degree is a lesser-included offense of criminal contempt in the first degree in this case (*see People v Lubrano,* 43 AD3d 829 [2007]; *People v Campbell,* 269 AD2d 460 [2000]), and the defendant's conviction and the sentence imposed thereon must be vacated, and that count of the indictment dismissed (*see* CPL 300.40 [3] [b]). Rivera, J.P., Eng, Chambers and Hall, JJ., concur.