■ The People of the State of New York, Respondent, v Frankie Soto, Appellant. [896 NYS2d 373]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Erlbaum, J.), rendered January 31, 2008, convicting him of tampering with a witness in the third degree, intimidating a witness in the third degree, criminal contempt in the first degree, criminal contempt in the second degree, and aggravated harassment in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the conviction of criminal contempt in the second degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

This indictment arises from threatening telephone calls that the defendant allegedly made to his wife in violation of an order of protection which was issued in connection with a pending assault charge. The Supreme Court ruled, pursuant to *People v Sandoval* (34 NY2d 371 [1974]), that if the defendant chose to testify, it would allow cross-examination on the pending assault charge. Contrary to the defendant's contention, the trial court's *Sandoval* ruling did not violate his Fifth Amendment privilege against self-incrimination because the pending assault charge was not a collateral matter but, rather, was directly relevant to and probative of the charges at issue (*see People v Betts*, 70 NY2d 289 [1987]; *People v Johnston*, 228 NY 332 [1920]; *see also People v Mack*, 234 AD2d 565 [1996]). Furthermore, in allowing the prosecution to cross-examine the defendant about his related pending assault charge, the trial court appropriately determined that the probative value of the testimony outweighed

its potential prejudicial effect (*see People v Mathis*, 55 AD3d 628 [2008]; *People v Harvey*, 50 AD3d 1058 [2008]).

The defendant correctly contends that criminal contempt in the second degree is a lesser-included offense of criminal contempt in the first degree (*see* CPL 300.40 [3] [b]; *People v Mingo*, 66 AD3d 1043 [2009]; *People v Lubrano*, 43 AD3d 829 [2007]; *People v Kennerly*, 20 AD3d 491 [2005]; *People v Campbell*, 269 AD2d 460 [2000]). Accordingly, the defendant's conviction of criminal contempt in the second degree and the sentence imposed thereon must be vacated (*see* CPL 300.40 [3] [b]; *People v Mingo*, 66 AD3d 1043 [2009]; *People v Kennerly*, 20 AD3d 491 [2005]; *People v Campbell*, 269 AD2d 460 [2000]).

In light of our determination, the defendant's remaining contention is academic. Rivera, J.P., Dickerson, Chambers and Hall, JJ., concur.