■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD HOHL, Appellant. [941 NYS2d 197]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (McCarty III, J.), rendered December 14, 2010, convicting him of reckless endangerment in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the Supreme Court's charge with respect to the count of reckless endangerment in the second degree was proper, as it was in accordance with the language contained in the New York Criminal Jury Instructions (*see* CJI2d[NY] Penal Law § 120.20; *People v Prospect*, 50 AD3d

1064 [2008]; *People v Lubrano*, 43 AD3d 829 [2007]; *People v Pedro*, 36 AD3d 832 [2007]; *People v McDonald*, 283 AD2d 592 [2001]; *see also People v Joseph*, 253 AD2d 529 [1998]).

The defendant's contention that the verdict was inconsistent to the extent that the jury found the defendant guilty of reckless endangerment in the second degree, but acquitted him of assault in the third degree, is without merit. When there is a claim that inconsistent jury verdicts have been rendered in response to a multiple-count indictment, a verdict as to a particular count shall be set aside only where the verdict is inherently inconsistent when viewed in light of the elements of each crime as charged to the jury without regard to whether the instructions were accurate (*see People v Green*, 71 NY2d 1006 [1988]; *People v Tucker*, 55 NY2d 1, 7-8 [1981]). Review of the entire record or even of the language of the indictment is inappropriate (*see People v Tucker*, 55 NY2d at 4; *People v Strickland*, 78 AD3d 1210 [2010]).

Here, the Supreme Court charged that, in order to convict the defendant of reckless endangerment in the second degree, among other things, the jury must find that the defendant engaged in conduct that "created a substantial risk" of serious physical injury to the victim, while it also charged that, to convict the defendant of assault in the third degree, among other things, the jury must find that the defendant "caused" actual physical injury to the victim. There is no inherent inconsistency in the verdict because the jury could have found that the defendant engaged in conduct that created a substantial risk of serious physical injury to the victim, but that he did not actually cause the victim's physical injury.

The defendant contends that the Supreme Court's failure to inform the jury as part of its final charge that the indictment was not proof of anything rendered the charge insufficient or a violation of due process. This contention is without merit. The Supreme Court explicitly stated in its preliminary instructions that the indictment was not proof of the defendant's guilt of any crime, and also gave explicit instructions to the jury, both during jury selection and in its preliminary instructions, with respect to what materials and items constituted the evidence upon which they were to base their verdict. While the Supreme Court did not specifically state in its final charge that the indictment was not proof of anything, the charge, taken as a whole, adequately instructed the jury as to the fundamental legal principles applicable to criminal cases in general and the material legal principles applicable to this particular case (*see* CPL 300.10 [2]; *People v Bogan*, 78 AD3d 855 [2010]; *People v Brown*,

209 AD2d 428 [1994]). The fact that the Supreme Court may not have used the precise wording requested by the defendant did not invalidate the court's charge or violate the defendant's due process rights (*see People v Levy*, 15 NY3d 510 [2010]; *People v Samuels*, 99 NY2d 20 [2002]; *People v Greaves*, 94 NY2d 775 [1999]; *People v Dell'Aera*, 84 AD3d 1109 [2011]).

The defendant's remaining contention is without merit. Dillon, J.P., Florio, Chambers and Lott, JJ., concur.