THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN CARLOS URIBE, Appellant. [971 NYS2d 60]—

Appeal by the defendant from a judgment of the County Court, Nassau County (Sullivan, J.), rendered January 30, 2012, convicting him of vehicular manslaughter in the second degree, reckless endangerment in the second degree, reckless driving, driving while ability impaired by the combined influence of drugs or of alcohol and any drug or drugs in violation of Vehicle and Traffic Law § 1192 (4-a), and speeding, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that the evidence was legally sufficient to establish the defendant's guilt of vehicular manslaughter in the second degree beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt as to vehicular manslaughter in the second degree was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).

The trial court's original charge to the jury with respect to the definition of "cause of death," which was in accordance with the language contained in the Criminal Jury Instructions, was proper (see CJI2d[NY] Penal Law art 125—Causation; People v Prospect, 50 AD3d 1064, 1064 [2008]; People v Lubrano, 43 AD3d 829, 830 [2007]; People v Pedro, 36 AD3d 832, 833 [2007]; People v McDonald, 283 AD2d 592, 593 [2001]). Contrary to the defendant's contention, the court responded meaningfully to the jury's inquiry during deliberations regarding the scope of reasonable foreseeability by rereading the original charge (see People v Santi, 3 NY3d 234, 248-249 [2004]; People v Malloy, 55 NY2d 296, 303 [1982], cert denied 459 US 847 [1982]; People v Dawkins, 151 AD2d 495, 497 [1989]; see generally People v Almodovar, 62 NY2d 126, 131 [1984]).

The County Court correctly imposed an interlock ignition requirement as an element of the defendant's sentence (see Vehicle and Traffic Law §§ 1192 [4-a]; 1198 [2]). The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]). Dillon, J.P., Dickerson, Austin and Miller, JJ., concur.