People v Kuhn (2023 NY Slip Op 05757)

People v Kuhn

2023 NY Slip Op 05757

Decided on November 16, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 16, 2023

112089 CR-22-2374
[*1]The People of the State of New York, Respondent,
v
John Tyler Kuhn, Appellant.

Calendar Date:October 11, 2023

Before:Clark, J.P., Aarons, Reynolds Fitzgerald, Fisher and McShan, JJ.

Angela Kelley, East Greenbush, for appellant.
David J. Clegg, District Attorney, Kingston (Joan Gudesblatt Lamb of counsel), for respondent.

Fisher, J.
Appeals (1) from a judgment of the County Court of Ulster County (Donald A. Williams, J.), rendered July 19, 2019, convicting defendant upon his plea of guilty of the crimes of aggravated vehicular assault and driving while intoxicated, and (2) by permission, from an order of said court (Bryan E. Rounds, J.), entered November 29, 2022, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.
In February 2019, defendant was charged by indictment with aggravated vehicular assault, assault in the second degree (two counts) and driving while intoxicated (two counts), following a motor vehicle accident that resulted in injuries to all three of his passengers — two of whom were catastrophically and permanently injured. In full satisfaction of the indictment, defendant pleaded guilty to aggravated vehicular assault and misdemeanor driving while intoxicated, and he purportedly waived his right to appeal both orally and in writing. County Court (Williams, J.) thereafter imposed, among other things, a prison sentence of 4 to 12 years for defendant's conviction of aggravated vehicular assault and a jail sentence of one year for his conviction of driving while intoxicated, to be followed by a three-year period of conditional discharge with the condition that an ignition interlock device be installed in any vehicle owned or operated by defendant. In 2022, defendant moved to vacate the judgment of conviction contending, among other things, that he had been deprived of the effective assistance of counsel, a motion opposed by the People. County Court (Rounds, J.) denied defendant's motion in a written decision, without a hearing. Defendant appeals from the judgment of conviction and, by permission, from the order denying his CPL 440.10 motion.
Initially, we agree with defendant that his waiver of the right to appeal is invalid given the overly broad language used both by County Court (Williams, J.) and in the written appeal waiver regarding the scope of the appellate rights being relinquished (see People v Arlt, 219 AD3d 986, 987 [3d Dept 2023] lv denied 40 NY3d 996 [2023]; People v Winter, 215 AD3d 1010, 1011-1012 [3d Dept 2023]; People v Blauvelt, 211 AD3d 1175, 1175 [3d Dept 2022]). As such, defendant's challenge to the severity of the sentence imposed is not precluded. Nonetheless, considering the catastrophic nature of the injuries sustained by the victims of these crimes, as well as the advantageous plea that defendant received, we are unpersuaded that the agreed-upon sentence is "unduly harsh or severe" and decline defendant's invitation to reduce his sentence in the interest of justice (CPL 470.15 [6] [b]; see People v Ferguson, 193 AD3d 1253, 1259 [3d Dept 2021], lv denied 37 NY3d 964 [2021]; People v Peryea, 68 AD3d 1144, 1147 [3d Dept 2009], lv denied 14 NY3d 804 [2010]). Contrary to defendant's contention that the sentence is illegal, inasmuch as defendant was convicted of driving while intoxicated[*2](see Vehicle and Traffic Law § 1192 [3]), the court was required to impose and lawfully ordered defendant to serve a period of conditional discharge for the purpose of installing and operating an ignition interlock device in any vehicle that he owns or operates (see Vehicle and Traffic Law § 1198 [1], [2] [a]; People v Dancy, 206 AD3d 823, 824 [2d Dept 2022], lv denied 38 NY3d 1187 [2022]; People v Tagiev, 70 Misc 3d 47, 53 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2020], lv denied 37 NY3d 960 [2021]; see also People v Uribe, 109 AD3d 844, 844 [2d Dept 2013], lv denied 23 NY3d 969 [2014]; People v Flagg, 107 AD3d 1613, 1614 [4th Dept 2013], lv denied 22 NY3d 1138 [2014]).
"[D]efendant's challenge[ ] to the voluntariness of his guilty plea [is] unpreserved for our review in view of his failure to make an appropriate postallocution motion to withdraw his plea prior to sentencing, despite ample time in which to do so" (People v Wilcox, 218 AD3d 965, 965 [3d Dept 2023]; see People v Conceicao, 26 NY3d 375, 381-382 [2015]). This case also does not fall within the narrow exception to the preservation rule (see People v Clark, 209 AD3d 1063, 1064 [3d Dept 2022], lv denied 39 NY3d 1140 [2023]; People v Rubert, 206 AD3d 1378, 1380 [3d Dept 2022], lv denied 39 NY3d 942 [2022]).
"Defendant's mixed claims of ineffective assistance of counsel are grounded upon matters appearing both on the record and outside the record and, therefore, they are assessed together, in totality, to determine whether he was deprived of meaningful representation" (People v Fish, 208 AD3d 1546, 1548 [3d Dept 2022] [citations omitted]). "The failure to include an affirmation from counsel, or an explanation for the failure to do so, has been held to warrant the summary denial of a defendant's postconviction motion" (People v Wright, 27 NY3d 516, 522 [2016] [citations omitted]). Moreover, "[i]n the context of a guilty plea, a defendant has been afforded meaningful representation when he or she receives an advantageous plea and nothing in the record casts doubt upon the apparent effectiveness of counsel" (People v Agueda, 202 AD3d 1153, 1156 [3d Dept 2022] [internal quotation marks and citations omitted], lv denied 38 NY3d 1031 [2022]).
Defendant's motion to vacate is supported solely by his own conclusory affidavits, and no affidavit is submitted from trial counsel. Thus, defendant's contentions concerning trial counsel's efforts to adequately investigate the charges against him and explain the terms of the plea agreement to him are unavailing, as they are supported only by defendant's self-serving affidavit (see People v Podeswa, 205 AD3d 1139, 1141-1142 [3d Dept 2022], lv denied 38 NY3d 1135 [2022]; People v Vittengl, 203 AD3d 1390, 1393 [3d Dept 2022]; People v Marte-Feliz, 192 AD3d 1397, 1397-1398 [3d Dept 2021]). Moreover, defendant also acknowledged during the plea allocution that he understood the parameters of the plea agreement, that he had sufficient time to discuss it [*3]with counsel and that he was satisfied with counsel's representation. Furthermore, our review of the record reveals that counsel negotiated a favorable plea agreement under these particular circumstances, especially in light of the serious charges brought against defendant (see People v Richmond, 158 AD3d 980, 981 [3d Dept 2018]).
Finally, we disagree with defendant that his trial counsel's representation was ineffective based upon a conflict of interest. "A conflict-based ineffective assistance of counsel claim involves two inquiries. First, the court must assess whether there was a potential conflict of interest in a defendant's representation. Second, a defendant must show that the conduct of his [or her] defense was in fact affected by the operation of the conflict of interest, or that the conflict operated on the representation" (People v Abar, 99 NY2d 406, 409 [2003] [internal quotation marks and citation omitted]; see People v Wright, 129 AD3d 1217, 1219 [2015], affd 27 NY3d 516 [2016]). Defendant claims his counsel was ineffective for asking him to sign an affidavit prior to sentencing that detailed his purchase of alcohol before the accident for the purpose of helping the victims pursue a negligence claim against the store that sold the alcohol. Although there were incriminating admissions in that affidavit, defendant signed it only after he had pleaded guilty and made a sworn allocution, and the affidavit sought to ameliorate harm to the victims. Assuming, without deciding, that there was a conflict of interest, we find that defendant has failed to show that the purported conflict affected his defense or operated on his representation (see People v Abar, 99 NY2d at 410; People v Burks, 172 AD3d 1640, 1642 [3d Dept 2019], lv denied 33 NY3d 1102 [2019]; People v St. Andrews, 82 AD3d 1358, 1360-1361 [3d Dept 2011], lv denied 17 NY3d 821 [2011]). In light of the foregoing, we find that defendant's unsupported allegations do not demonstrate less than meaningful representation, and we find no error in the denial of his CPL 440.10 motion without a hearing (see People v Podeswa, 205 AD3d at 1141-1142; People v Oddy, 144 AD3d 1322, 1324 [3d Dept 2016], lv denied 29 NY3d 1131 [2017]; People v Brown, 23 AD3d 702, 703 [3d Dept 2005], lv denied 6 NY3d 774 [2006]). We find defendant's remaining contentions, to the extent not specifically addressed herein, to be lacking in merit.
Clark, J.P., Aarons, Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that the judgment and the order are affirmed.