■  THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS MICHAEL NOLAN and ROBERT W. SNOW, Appellants.—Appeals by defendants from two judgments (one as to each of them) of the Supreme Court, Suffolk County, both rendered March 2, 1978, convicting defendant Nolan of three counts of robbery in the second degree and defendant Snow of two counts of robbery in the second degree, upon a jury verdict, and imposing sentences. Judgment affirmed. Defendant Nolan contends that his degree of intoxication impaired his ability to give a knowing and intelligent waiver of his constitutional rights in violation of *Miranda v Arizona* (384 US 436). The record does not support the assertion. Although Nolan initially made some frivolous comments to the police, there was substantial proof that Nolan's conduct was entirely rational. Detective Matern, who read Nolan the *Miranda* warnings and to whom the waiver was given, thought that Nolan had been drinking, but Nolan did not appear to Matern or to Officers Cicci or Cuccio to be drunk. Further indicia of rationality were Nolan's denial of any complicity in a Mobil gas station holdup (after he waived his rights) and his refusal to sign any statement that had been reduced to writing. When he was told that he would be put into a lineup, he proceeded to describe what happened at the gas station and a delicatessen. From the psychiatrist's testimony at trial, we know that it is perfectly possible for someone like Nolan, a diagnosed alcoholic, to consume a large quantity of alcohol and to appear to be fully rational and oriented. Sometimes, the external appearance may not in fact be the reality. However, we also know from the doctor's testimony that even under the influence of a high amount of alcohol Nolan would be able to make decisions and to carry them through. The

proof adduced at the suppression hearing strongly supports the latter finding. It was error, as Nolan contends, to admit Gail Petersen's identification testimony inasmuch as the prosecution failed to notify the defense that Petersen was shown a photograph of the lineup and identified Nolan, although she had not viewed the lineup. "The administration of justice must not only be above reproach, it must also be beyond the suspicion of reproach" *(People v Savvides,* 1 NY2d 554, 556). An error of this sort is in many instances so egregious as to warrant reversal, irrespective of the quantum of evidence of guilt. We do not find the conduct to be of that character here, and a new trial is not required under the circumstances. We have examined Nolan's remaining contentions and find them to be without merit. Defendant Snow contends on appeal essentially that he was immeasurably prejudiced by the joint trial and that his motion for a severance should have been granted. He maintains that the defenses were antagonistic and that his codefendant's counsel was hostile and created erroneous impressions before the jury. In view of the fact that the jury evidently credited Snow's alibi defense and acquitted him of the first count of robbery, we think that any claim of prejudice is without merit. Mollen, P. J., Gibbons, Martuscello and Weinstein, JJ., concur.