■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY RYKACZEWSKI, Also Known as GREGORY RYKEZEWSKI, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Pincus, J.), rendered December 15, 1983, convicting him of manslaughter in the second degree (four counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial of that branch of his omnibus motion which was to suppress a statement made by him to the police.

Judgment affirmed.

Under the totality of circumstances, Criminal Term prop-

erly found that the defendant's confession was not involuntary as a matter of law. We find the contentions raised by the defendant to be unpersuasive. Although the defendant's breath had the odor of alcohol, the evidence did not indicate that he was intoxicated to the point of rendering his confession involuntary *(see, People v Schompert,* 19 NY2d 300, *cert denied* 389 US 874). Moreover, the entire period of questioning lasted only 45 minutes, a period of time which is not, in itself, conducive to eliciting a false or involuntary statement *(see, People v Perry,* 77 AD2d 269). Further, the statement made by the detective questioning the defendant, to the effect that if the defendant told the truth the detective would speak to the District Attorney on his behalf, is not the type of encouragement which is constitutionally prohibited *(see, People v Perry, supra; People v White,* 63 AD2d 752).

Nor do we find merit to the defendant's contention that the court improperly denied his request to charge criminally negligent homicide as a lesser included offense. There was no reasonable view of the evidence which would have supported a conviction of the lesser but not the greater offense *(see, People v Henderson,* 41 NY2d 233; *People v Ivisic,* 95 AD2d 307).

The other contentions raised by the defendant have been examined and found to be meritless. Thompson, J. P., Rubin, Lawrence and Kunzeman, JJ., concur.