THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENT ZITO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Kuffner, J.), rendered September 9, 1985, convicting him of criminal possession of a controlled substance in the fourth degree, criminal possession of a hypodermic instrument and operating a motor vehicle under the influence of drugs, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was for the suppression of his statements to the police.

Ordered that the judgment is affirmed.

The statement of a voluntarily intoxicated individual is admissible where a totality of the circumstances show that he was capable of intelligently waiving his *Miranda* rights *(see, People v Nolan,* 75 AD2d 828). The mere fact that the defen-

dant was intoxicated at the time he made his statement to police would not, without more, preclude the introduction of that statement against him. In order for such a statement to be deemed inadmissible a defendant must be so intoxicated that he is unable to comprehend the meaning of his statements (see, People v Schompert, 19 NY2d 300, cert denied 389 US 874).

In the instant case the evidence presented establishes that the defendant was responsive when read his Miranda rights. The fact that he nodded his head affirmatively after each right was read to him and then verbally agreed to speak with police indicated that he fully understood his rights (see, North Carolina v Butler, 441 US 369). Moreover, his comments to police concerning his condition and concerns following the car accident also support a finding that he voluntarily waived his rights.

In any event, the statements in question were not elicited through a custodial interrogation or improper police conduct. In fact, the defendant's statement was a spontaneous comment made after a police officer responded to a question posed to him by defendant. Accordingly, the defendant's statement was properly admitted (see, People v Bell, 63 NY2d 796).

Further, although a defendant may raise a right to counsel claim for the first time on appeal (see, People v Cullen, 50 NY2d 168; People v Samuels, 49 NY2d 218), a sufficient factual record must be developed in order for such a claim to be reviewable (see, People v Kinchen, 60 NY2d 772; People v Donovon, 107 AD2d 433). In the case at bar, there is no proof on the record that the police had any knowledge of any pending charges or recent arrest (see, People v Sepe, 108 AD2d 941). Under the circumstances, the court properly denied that branch of the defendant's motion which was to suppress his statements to the police and that decision will not be disturbed on appeal.

Finally, the defendant's criminal record which includes three previous felony convictions more than satisfies the requirements for a persistent felony offender (see, Penal Law 70.10 [1] [a]) and the defendant was properly sentenced as such (see, e.g., People v Drummond, 104 AD2d 825; People v Oliver, 96 AD2d 1104). Mollen, P. J., Thompson, Eiber and Spatt, JJ., concur.