■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
BARRY WEISBROT, Appellant

The defendant's contention that his confessions should have
been suppressed as the product of trickery, false promises and
psychological coercion is without merit. Under the totality of
the circumstances, including the fact that defendant was not
under arrest and voluntarily accompanied the police to the
station house, Criminal Term properly found that the confes-
sions were voluntary.

The hearing court found the defendant's claim that he was
promised that he would be permitted to plead guilty to a
lesser manslaughter charge if he cooperated was unsupported
by the record and was not credible. We see no reason to
disturb the court's findings regarding the credibility of the
witnesses (see, People v Giangrasso, 109 AD2d 750), especially
since the defendant never mentioned the alleged promise to
the District Attorney or at the time his statements were
taped. The interrogating officer's promise that the office of the
District Attorney would be made aware of the defendant's
cooperation, without more, is insufficient to render the state-
ments involuntary (see, People v Rykaczewski, 121 AD2d 409;
People v Perry, 77 AD2d 269). Nor does the fact that the police
officers suggested to the defendant that he tell them what
happened and get it off his chest require that the ensuing
statements be suppressed (see, People v Jackson, 101 AD2d
955).

We also reject the defendant's argument that there was
insufficient competent evidence to corroborate his confessions
insofar as they pertained to the identity of the murder victim.
It has long been the rule that once the fact of death has been
proven, the identity of the deceased may be proven by circum-

stantial evidence *(see, People v Palmer,* 109 NY 110; *cf. People v Way,* 119 App Div 344, *affd* 191 NY 533). Here, there was ample evidence to show that the victim was the same person named in the indictment, and the same person the defendant admitted to strangling.

The defendant's claims of error with respect to the allegedly improper questions and comments by the prosecutor are unpreserved and, in any event, without merit.

Although the issue is not raised by the defendant, we note that the sentencing court should have directed that the sentences run concurrently *(see, People v Strouse,* 96 AD2d 604). Bracken, J. P., Kunzeman, Kooper and Spatt, JJ., concur.