■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC PROVOSTY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Leahy, J.), rendered October 12, 1983, convicting him of manslaughter in the first degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial of that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement authorities.

Ordered that the judgment is affirmed.

Although there was evidence indicating that the defendant had been drinking on the night of the shooting and his arrest shortly thereafter, there is no evidence to show that the defendant was so intoxicated that he was unable to comprehend the meaning of his statements (see, People v Schompert, 19 NY2d 300, cert denied 389 US 874; People v Jenkins, 134 AD2d 523; People v Zito, 123 AD2d 799, lv denied 69 NY2d 835; People v Rykaczewski, 121 AD2d 409, lv denied 68 NY2d 917). The totality of the circumstances shows that the defendant was capable of intelligently waiving his Miranda rights (see, People v Zito, supra), and that he knowingly and voluntarily did so.

Furthermore, absent any evidence in the record that the police intentionally deprived the defendant of access to his

family, there was no infringement of his rights *(see, People v Fuschino,* 59 NY2d 91). Nor is there any evidence that the police improperly eavesdropped on the defendant's telephone call to his mother, so that the incriminating statements he made to her need not be suppressed on that ground *(see, People v Sobolof,* 109 AD2d 903).

The defendant, by failing to move at the Supreme Court to vacate or withdraw his guilty plea, has failed to preserve for appellate review his claim as to the insufficiency of the plea allocution *(see, People v Pellegrino,* 60 NY2d 636). In any event, reversal in the interest of justice is not warranted in this case on that ground.

It is well settled that "[a] bargained guilty plea to a lesser crime makes unnecessary a factual basis for the particular crime confessed" *(People v Clairborne,* 29 NY2d 950, 951). Moreover, despite the defendant's claim that he was intoxicated at the time of the shooting, it was still possible for him to be convicted on the charge of manslaughter in the first degree *(see, People v Bell,* 111 AD2d 926, *lv denied* 66 NY2d 917). In addition, the Supreme Court conducted a sufficient inquiry of the defendant as to the underlying facts of the incident to support the plea. Under the circumstances of this case, and in particular the totality of the plea proceedings, we find that the Supreme Court's incorrect statement that it could impose a sentence of 12½ to 25 years if it accepted the plea, although the maximum legal sentence was only 8⅓ to 25 years, did not affect the validity of the defendant's guilty plea. In the absence of any suggestion that the plea was improvident or baseless, it should be sustained *(see, People v Perkins,* 89 AD2d 956).

Finally, the sentence imposed was neither harsh nor excessive. Mangano, J. P., Bracken, Weinstein and Balletta, JJ., concur.