■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NEIL BELGENIO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Goldstein, J.), rendered December 16, 1987, convicting him of robbery in the first degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a

hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement authorities.

Ordered that the judgment is affirmed.

In view of the fact that defendant was fully advised of his *Miranda* rights prior to giving his statements to the police, the trial court did not err in refusing to suppress his statements. We find no merit to the defendant's contention that the waiver of his *Miranda* rights was involuntary because it was allegedly a result of deceptive assurances by a police officer. The police officer's statement that "maybe perhaps we can help you" cannot be construed as a direct or an implied promise of leniency *(see, People v Weisbrot,* 124 AD2d 762; *People v Rykaczewski,* 121 AD2d 409, 410; *People v Perry,* 77 AD2d 269; *see also, People v Sumeriski,* 119 AD2d 999). Nor was there any evidence to show that the defendant was so intoxicated that he was unable to comprehend the meaning and nature of his statements *(see, People v Williams,* 147 AD2d 515, 516; *People v Provosty,* 141 AD2d 867).

The defendant also argues that his statements should have been suppressed on the ground that they were taken in violation of his right to counsel. However, the fact that the defendant was represented by counsel on a prior unrelated charge did not preclude him from effectively waiving his *Miranda* rights in the absence of counsel *(see, People v Bing,* 76 NY2d 331, *overruling People v Bartolomeo* 53 NY2d 225). Lawrence, J. P., Kunzeman, Kooper and Harwood, JJ., concur.