■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE HERNANDEZ-FLORES, Appellant.—Judgment, Supreme Court, New York County (Edward McLaughlin, J.), rendered December 12, 1988, convicting defendant, on his plea of guilty, of criminal sale of a controlled substance in the second degree and sentencing him, as a second felony offender, to an indeter-

minate term of imprisonment of 10 years to life, unanimously affirmed.

Defendant, charged with various counts of criminal sale and possession of a controlled substance, offered to plead guilty to the crime of criminal sale of a controlled substance in the second degree in full satisfaction of the indictment, in exchange for a promised sentence of 10 years to life. In accepting defendant's plea, the Court erroneously stated that if defendant proceeded to trial he would receive a maximum sentence of 87-½ years to life, whereas that maximum sentence was 75 years to life. Even so, the Court correctly stated that a statutory limit of 50 years to life applied.

Initially, we note that the Court's misstatement could not have affected defendant's decision to plead guilty. First, because it was made after defendant had agreed to the terms of the plea bargain, and second, because the Court correctly informed defendant of the aggregate effective sentence which would apply by operation of law. In any event, the error would not warrant reversal *(People v Provosty,* 141 AD2d 867, *lv denied* 72 NY2d 960). Concur—Sullivan, J. P., Ellerin, Kupferman, Ross and Rubin, JJ.