■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES BURNETT, Appellant. [633 NYS2d 365] —Appeal by the defendant from two judgments of the Supreme Court, Queens County (O'Dwyer, J.), both rendered August 10, 1994, convicting him of criminal sale of a controlled substance in the fifth degree under Indictment No. 10810/93, and criminal possession of a controlled substance in the fifth degree under Indictment No. 11451/93, upon his pleas of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

We reject the defendant's contention that his pleas were not knowingly, voluntarily, and intelligently entered and, therefore, that the court should have granted his motion to withdraw his pleas. The court did misstate the potential sentences the defendant could have received as a persistent felony offender, by quoting the potential sentences for persistent violent felony offenders (see, Penal Law § 70.08 [2], [3]). However, the court nevertheless correctly informed the defendant of the possibility of facing a maximum sentence of 25 years to life imprisonment if the court exercised its discretion under Penal Law § 70.10 (2). Given that there are no other indicia that the pleas were not knowingly, voluntarily, and intelligently entered (see, People v Harris, 61 NY2d 9) and that the defendant has extensive experience with the criminal justice system, we do not believe that the court's misstatement had any effect on the defendant's decision to take the pleas (cf., People v Gotte, 125 AD2d 331; People v Camacho, 102 AD2d 728).

The court did not err in imposing enhanced sentences for the defendant's failure to appear at sentencing (see, People v Patterson, 211 AD2d 829; People v Thorpe, 189 AD2d 903). Sullivan, J. P., Thompson, Copertino, Krausman and Florio, JJ., concur.