■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REGINALD HARMON, Appellant. [633 NYS2d 380] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Robinson, J.), rendered March 3, 1993, convicting him of robbery in the first degree and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The trial court's actions in questioning, at a sidebar, one prospective juror concerning her ability to weigh evidence objectively and impartially during jury selection in the defendant's absence does not require reversal since the voir dire proceedings predated the holding of the Court of Appeals in *People v Antommarchi* (80 NY2d 247; *see, People v Mitchell,* 80 NY2d 519).

The court properly denied the defendant's request for a missing witness charge since the defendant failed to meet his initial burden of establishing that the uncalled witness was knowledgeable about a material issue pending in the case and that the witness would naturally be expected to provide testimony favorable to the People who had not called him *(see, People v Kitching,* 78 NY2d 532, 536).

Furthermore, viewing the representation afforded the defendant in light of the evidence, the law, and the circumstances presented here, the defendant received meaningful assistance from his trial counsel *(see, People v Baldi,* 54 NY2d 137, 147).

Under the circumstances of this case, the sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are either unpreserved for appellate review *(see,* CPL 470.05 [2]; *People v Udzinski,* 146 AD2d 245), or without merit. Joy, J. P., Hart, Goldstein and Florio, JJ., concur.