■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REGINALD HARMON, Appellant. [698 NYS2d 496] —Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated November 6, 1995 (*People v Harmon,* 221 AD2d 364), affirming a judgment of the Supreme Court, Queens County, rendered March 3, 1993.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see, Jones v Barnes,* 463 US 745). Mangano, P. J., Joy, Goldstein and Florio, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES HIGGS, Appellant. [696 NYS2d 902] —Appeals by the defendant from two judgments of the County Court, Dutchess County (Marlow, J.), both rendered November 5, 1997, convicting him of criminal possession of a controlled substance in the second degree, under Indictment No. 18/97, and criminal possession of a controlled substance in the fourth degree, driving while intoxicated, vehicular assault in the second degree and leaving the scene of an accident without reporting, under Indictment No. 62/97, upon his pleas of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

Initially, we note that the defendant never moved to withdraw his plea of guilty under Indictment No. 62/97 or his *Alford* plea (*see, North Carolina v Alford,* 400 US 25) under Indictment No. 18/97. Thus, his present contention that these pleas were coerced is not preserved for appellate review (*see, People v Pellegrino,* 60 NY2d 636). In any event, our review of the record demonstrates that the defendant's pleas were voluntarily, knowingly, and intelligently entered (*see, People v Harris,* 61 NY2d 9; *see also, People v Fiumefreddo,* 82 NY2d 536; *People v Stephens,* 188 AD2d 345). Bracken, J. P., Santucci, Altman, Friedmann and H. Miller, JJ., concur.