■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v FELIX RUFINO, Respondent. [740 NYS2d 113] —Appeal by the People from an order of the Supreme Court, Queens County (Grosso, J.), dated February 21, 2001, which, after a hearing (O'Dwyer, J.H.O.), granted that branch of the defendant's omnibus motion which was to suppress his statement to law enforcement officials.

Ordered that the order is reversed, on the law, that branch of the defendant's omnibus motion which was to suppress his statement to law enforcement officials is denied, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith.

The defendant was arrested after he was implicated by another man who had confessed to the police about his own involvement in a residential burglary. Before advising the defendant of his *Miranda* rights (*see Miranda v Arizona,* 384 US 436), the interrogating officer showed the defendant a written statement by the other man which implicated him in the crime. The officer advised the defendant that it would be beneficial to him if he cooperated. After being given his *Miranda* rights, the defendant waived them and made an inculpatory statement.

The Supreme Court upheld the determination of the judicial hearing officer that the defendant's waiver of his *Miranda* rights was involuntary and suppressed his statement.

The hearing court erred in suppressing the defendant's statement on the ground that it was involuntarily made. The defendant was advised of his *Miranda* rights and knowingly and intelligently waived those rights. Contrary to the hearing court's determination, the fact that the defendant was confronted with evidence of his guilt before the interrogating officer advised him of the *Miranda* rights did not render his waiver of those rights or his subsequent statement involuntary (*see People v Soto,* 253 AD2d 359; *People v Tarleton,* 184 AD2d 463, 464; *People v Kelland,* 171 AD2d 885, 886; *People v Gross,* 127 AD2d 892, 893). Furthermore, the interrogating officer's comment that it would be beneficial to the defendant if he cooperated did not constitute a promise of leniency which would render the waiver and statement involuntary (*see People v Huntley,* 259 AD2d 843, 845; *People v Crawford,* 186 AD2d 144; *People v Belgenio,* 164 AD2d 865, 866). Smith, J.P., O'Brien, McGinity and Crane, JJ., concur.