■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAMEEK HARRISON, Appellant. [758 NYS2d 300] —Judgment, Supreme Court, New York County (Micki Scherer, J., at suppression hearing; Charles Solomon, J., at jury trial and sentence), rendered November 9, 1999, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the first degree and resisting arrest, and sentencing him to concurrent terms of 15 years to life and 1 year, respectively, unanimously affirmed.

Defendant claims that he received ineffective assistance of counsel because his former attorney failed to submit a timely motion to dismiss the indictment on the ground of an alleged violation of his right to testify before the grand jury (CPL 190.50 [5] [c]). However, under the circumstances presented, this claim would require a CPL 440.10 motion to expand the record, since it is not at all clear whether any such motion would have been successful, given the conflicting factual assertions as to the circumstances of defendant's failure to so testify (*see People v Love*, 57 NY2d 998 [1982]). Moreover, even accepting defendant's version of the events, counsel's failure to file a timely dismissal motion, standing alone, does not constitute ineffective assistance of counsel (*see People v Hayes*, 293 AD2d 393 [2002], *lv denied* 98 NY2d 768 [2002]; *People v Hook*, 246 AD2d 470 [1998], *lv denied* 92 NY2d 853 [1998]). Defendant has also failed to demonstrate that, even if the motion were timely made and he had been afforded an opportunity to testify before a second grand jury, his testimony would have affected the outcome of the proceedings (*see People v Williams*, 291 AD2d 347 [2002], *lv denied* 98 NY2d 682 [2002]; *People v Hook, supra*).

The court properly denied defendant's motion to suppress the drugs discovered in the back seat of the car in which defendant was a passenger. It is undisputed that the officers lawfully stopped the car for a vehicular violation. It was, therefore, lawful for the officers to remove defendant from the vehicle, even absent a particularized reason to believe he might be armed (*Maryland v Wilson*, 519 US 408, 413 [1997]; *People v Robinson*, 74 NY2d 773 [1989], *cert denied* 493 US 966 [1989]; *People v Diaz*, 232 AD2d 289 [1996], *lv denied* 89 NY2d 944 [1997]). We reject defendant's argument that the State Constitution requires a different standard from the federal standard. Concur—Buckley, P.J., Nardelli, Andrias, Friedman and Gonzalez, JJ.