■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KIP MOBLEY, Appellant. [765 NYS2d 775] —Judgment, Supreme Court, New York County (Budd Goodman, J.), rendered January 8, 1998, convicting defendant, upon his plea of guilty, of robbery in the third degree, and sentencing him, as a second felony offender, to a term of 2½ to 5 years, and order, same court (John Stackhouse, J.), entered on or about July 24, 2001, which, after a hearing, denied defendant's motion to vacate the judgment pursuant to CPL 440.10 on the basis of ineffective assistance of counsel, unanimously affirmed.

The court properly denied defendant's motion to vacate his judgment of conviction. There is no basis for disturbing the court's determinations concerning credibility. The record supports the court's finding that defendant's attorney advised him of his right to testify before the grand jury. In any event, even if defendant's version of the facts were to be accepted, counsel's failure to inform him of his right to testify before the grand jury would not, in this case, constitute ineffective assistance (see *People v Wiggins*, 89 NY2d 872, 873 [1996]; *People v Harrison*, 304 AD2d 376 [2003]). Defendant has made no showing that had he been afforded the opportunity to testify, his testimony would have affected the outcome of the proceedings. "All that his appearance before the grand jury would do would be to give the prosecutor a preview of the defense" (*Jenkins v New York State*, 2003 WL 21804846, *2, 2003 US Dist LEXIS 13596, *5 [SD NY, Aug. 6, 2003]). Concur—Buckley, P.J., Tom, Saxe, Sullivan and Rosenberger, JJ.