■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAWN NICHOLAS, Appellant. [777 NYS2d 321]—

Appeal by the defendant from a judgment of the County Court, Nassau County (Calabrese, J.), rendered August 2, 2002, convicting him of attempted murder in the second degree and criminal possession of a weapon in the third degree, upon his guilty plea, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, his waiver of his right to appeal was voluntary, knowing, and intelligent (*see People v Moissett,* 76 NY2d 909, 911 [1990]; *People v Callahan,* 80 NY2d 273, 280 [1992]). Although the defendant's claims of an involuntary plea and illegal sentence survive the waiver (*see People v Seaberg,* 74 NY2d 1, 9 [1989]; *People v Brathwaite,* 263 AD2d 89 [2000]), the contention that the plea was involuntary is unpreserved for appellate review since the defendant failed to move to withdraw his plea on this ground (*see People v Alexis,* 295 AD2d 529 [2002]). Moreover, to the extent these issues were raised in the defendant's motion pursuant to CPL 440.10, they are not properly before this Court as he failed to seek leave to appeal from the order denying that motion (*see People v Alexis, supra; People v Torres,* 194 AD2d 815 [1993]). In any event, upon review of the record, we find no merit to his contentions that the plea was coerced, that he was denied effective assistance of counsel, and that he was improperly adjudicated a second felony offender (*see People v Higgs,* 266 AD2d 233 [1999]; *People v Langhorne,* 177 AD2d 713, 714 [1991]; *People v Leonard,* 109 AD2d 754 [1985]).

The fact that defense counsel may have misinformed the de-

fendant of his possible sentence exposure on an unrelated felony complaint is "[a] factor which must be considered by the court, but it is not, in and of itself, dispositive" (*People v Garcia,* 92 NY2d 869, 870 [1998]). Under the totality of the plea proceedings, the misstatement by counsel had no effect on the defendant's decision to plead guilty (*see People v Burnett,* 221 AD2d 355 [1995]; *People v Provosty,* 141 AD2d 867, 868 [1988]). Luciano, J.P., H. Miller, Schmidt and Townes, JJ., concur.