■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GWENDOLYN SMITH, Appellant. [785 NYS2d 539]—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Rosato, J., at plea; Angiolillo, J., at sentence), rendered January 24, 2002, convicting her of assault in the second degree, upon her plea of guilty, and imposing sentence. Assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738 [1967]) in which she moves to be relieved of the assignment to prosecute this appeal.

Ordered that the motion is granted, and Patricia M. Sullivan is relieved as counsel for the defendant and is directed to turn

over all papers in her possession to new counsel assigned herein; and it is further,

Ordered that Edwin Winder, c/o Medina & Mano, Esqs., 95 Beekman Ave., Sleepy Hollow, N.Y., 10591 is assigned as counsel to perfect the appeal; and it is further,

Ordered that the People are directed to furnish a copy of the stenographic minutes to the new assigned counsel; and it is further,

Ordered that new counsel shall serve and file a brief on behalf of the defendant within 90 days of the date of this decision and order and the People shall serve and file their brief within 120 days of the date of this decision and order; by prior decision and order on motion of this Court, the defendant was granted leave to prosecute the appeal as a poor person, with the appeal to be heard on the original papers (including the typewritten stenographic minutes) and on the typewritten briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other.

Upon this Court's independent review of the record, we conclude that a potentially nonfrivolous issue exists with respect to whether the court's misstatement at the plea concerning the length of the minimum sentence to be imposed warrants any relief on appeal (*see People v Nicholas,* 8 AD3d 300 [2004], *lv denied* 3 NY3d 679 [2004]; *People v Burnett,* 221 AD2d 355 [1995]; *People v Provosty,* 141 AD2d 867 [1988]).

Accordingly, assignment of new counsel is warranted (*see People v Stokes,* 95 NY2d 633 [2001]; *People v Casiano,* 67 NY2d 906 [1986]; *People v Gonzalez,* 47 NY2d 606 [1979]). Ritter, J.P., H. Miller, Schmidt, Crane and Skelos, JJ., concur.