■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v SANTIAGO LUGO, Respondent. [874 NYS2d 587]—

Appeal by the People, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Gary, J.),

entered March 18, 2008, as, upon reargument, adhered to its original determination, made after a hearing, granting that branch of the defendant's motion which was to suppress his statement to law enforcement officials to the extent of precluding the People from introducing evidence of the statement in their case-in-chief.

Ordered that the order is reversed insofar as appealed from, on the law, and, upon reargument, the original determination, made after a hearing, granting that branch of the defendant's motion which was to suppress his statement to law enforcement officials to the extent of precluding the People from introducing evidence of the statement in their case-in-chief is vacated, that branch of the defendant's motion which was to suppress his statement to law enforcement officials is denied, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.

The defendant was arrested for driving a vehicle while intoxicated. An inventory search of his vehicle led to the recovery of a loaded handgun from the glove compartment. The defendant waived his *Miranda* rights (*see Miranda v Arizona,* 384 US 436 [1966]), and a police officer advised him that "the more he cooperates, the better it will be for him." The officer also said that he would inform the District Attorney's office of the defendant's cooperation. Subsequently, the defendant made an inculpatory written statement. The Supreme Court determined that the officer's statement was a promise of leniency and granted that branch of the defendant's motion which was to suppress his statement to the extent of precluding the People from introducing evidence of the statement in their case-in-chief. The court subsequently, in effect, granted the People's motion for leave to reargue their opposition to that branch of the defendant's motion and, upon reargument, adhered to its original determination.

The Supreme Court erred in suppressing the defendant's statement on the ground that it was made in response to the officer's advice that it would be beneficial to the defendant if he cooperated and that the officer would inform the District Attorney's office of his cooperation. The officer's generalized comment regarding the benefits of cooperating did not constitute a promise of leniency that created "a substantial risk that the defendant might falsely incriminate himself," which would render the statement involuntary (CPL 60.45 [2] [b] [i]; *see People v Rufino,* 293 AD2d 498, 499 [2002]; *People v Engert,* 202 AD2d 1023, 1024 [1994]; *People v Belgenio,* 164 AD2d 865, 866 [1990]). Nor was the comment of such a nature that, under the totality

of the circumstances, the defendant's will was overborne (*see Arizona v Fulminante,* 499 US 279 [1991]). Moreover, it was not impermissible for the officer to tell the defendant merely that he would inform the District Attorney's office of the defendant's cooperation (*see People v Crawford,* 186 AD2d 144 [1992]; *People v Weisbrot,* 124 AD2d 762 [1986]; *People v Rykaczewski,* 121 AD2d 409, 409-410 [1986]).

Accordingly, upon reargument, the Supreme Court should have denied that branch of the defendant's motion which was to suppress his statement to law enforcement officials. Prudenti, P.J., Skelos, Dillon and Eng, JJ., concur.