THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOEL BEECHAM, Appellant. [904 NYS2d 727]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Crecca, J.), rendered March 6, 2006, convicting him of murder in the second degree, criminal sexual act in the first degree (two counts), rape in the first degree, assault in the second degree, and menacing in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the charges related to the offenses committed against his three victims were joinable under CPL 200.20 (2) (b) and, thus, the County Court lacked statutory authority to grant the defendant's severance motion (*see People v Murphy*, 28 AD3d 1096 [2006]; *People v Cornell*, 17 AD3d 1010, 1011 [2005]; *see also People v Bongarzone*, 69 NY2d 892, 895 [1987]).

The defendant's contention concerning the time limits imposed by the County Court on the voir dire of prospective jurors is unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, the County Court providently exercised its discretion in limiting the time for the defense counsel's voir dire, since he was provided a fair opportunity to ask relevant and material questions (*see* CPL 270.15 [1] [c]; *People v Jean*, 75 NY2d 744 [1989]; *People v Thompson*, 45 AD3d 876 [2007]; *People v Wheeler*, 268 AD2d 448, 449 [2000]).

The defendant asserts that it was error for the County Court to allow a police detective to testify that the defendant refused to give a written statement. However, contrary to the defendant's contention, there is no merit to his claim that he invoked his right to remain silent by agreeing to speak to the officers, but advising them that he did not wish to give a written statement (*see People v Sprague*, 267 AD2d 875, 878-879 [1999]; *People v Rogers*, 245 AD2d 395, 396 [1997]; *People v Hendricks*, 222 AD2d 74, 80 [1996], *affd* 90 NY2d 956 [1997]; *cf. Berghuis v Thompkins*, 560 US —, 130 S Ct 2250 [2010]).

The defendant's contention that the evidence was legally insufficient to support his convictions is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see People v Phillips*, 68 AD3d 1137 [2009]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant was not deprived of the effective assistance of counsel (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *People v Baldi*, 54 NY2d 137 [1981]; *see also People v Spencer*, 226 AD2d 160 [1996]). The failure of the defendant's original attorney to file a timely motion to dismiss the indictment pursuant to CPL 190.50 (5) (c), standing alone, did not constitute ineffective assistance of counsel (*see People v Dixon*, 19 AD3d 131, 132 [2005]; *People v Harrison*, 304 AD2d 376, 377 [2003]). Additionally, there is no indication that had the defendant been afforded an opportunity to testify before the grand jury, the outcome of the proceedings would have been affected (*see People v Dixon*, 19 AD3d at 132; *People v Harrison*, 304 AD2d at 377).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

There is no merit to the defendant's contention in point seven of his brief that he was deprived of his right to be present at all material stages of trial. The defendant's contention in point six of his brief alleging prosecutorial misconduct is unpreserved for

appellate review and, in any event, is without merit. Skelos, J.P., Angiolillo, Dickerson and Leventhal, JJ., concur.