# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**227**

**KA 08-01680**

PRESENT: SCUDDER, P.J., SMITH, FAHEY, CARNI, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                 MEMORANDUM AND ORDER

WESLEY L. WOODS, JR., DEFENDANT-APPELLANT.

---

SHIRLEY A. GORMAN, BROCKPORT, FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (GEOFFREY KAEUPER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Frank P. Geraci, Jr., J.), rendered July 23, 2008. The judgment convicted defendant, upon a jury verdict, of murder in the second degree and robbery in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [3] [felony murder]) and robbery in the first degree (§ 160.15 [4]). Defendant failed to preserve for our review his contention that County Court erred in refusing to suppress his oral and written statements to the police based on an unnecessary delay in his arraignment (*see People v Fuentes*, 52 AD3d 1297, 1298, *lv denied* 11 NY3d 736; *People v Hayward*, 48 AD3d 209, 210, *lv denied* 10 NY3d 840). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Contrary to defendant's further contention, the court properly determined that those statements were voluntary. Although defendant was detained and questioned by the police for approximately 10 hours, "that [fact] does not, by itself, render the statement[s] involuntary" (*People v Weeks*, 15 AD3d 845, 847, *lv denied* 4 NY3d 892). Here, there is no indication in the record of the suppression hearing that defendant sought to end the interrogation or that his alleged lack of sleep left him " 'so . . . fatigued that he was incapable of intelligently waiving his rights or comprehending the meaning of his statement[s]' " (*People v Towndrow*, 236 AD2d 821, 822, *lv denied* 89 NY2d 1016). In addition, the police officer's generalized comment to defendant regarding the benefits of cooperating with the police did not constitute a promise of leniency that created "a substantial risk that the defendant might falsely incriminate himself" (CPL 60.45 [2] [b] [i]; *see People v Lugo*, 60 AD3d 867, 868). We conclude that probable cause for

defendant's arrest and detention was established by the circumstances of his capture (*see People v Conner*, 15 AD3d 843, 844, *lv denied* 4 NY3d 885).

The court also properly refused to suppress the clothes that defendant was wearing when he was arrested and interviewed by the police.  Police officers may properly seize an object in plain view without a warrant in the event that they are lawfully in the position from which the object is viewed, they have lawful access to the object and the object's incriminating nature is immediately apparent (*see People v Brown*, 96 NY2d 80, 88-89).  Here, the clothes worn by defendant were in plain view when the police captured and arrested him, and brought him to the police station for questioning.  The clothing fit the general description given by a witness to the crimes and as depicted in a video tape recovered by the police from a security camera in the store at which the crimes occurred.  "Under the circumstances, the officers had the authority, [pursuant to] the plain view doctrine, to seize defendant's [clothing]" (*People v Stein*, 306 AD2d 943, 943, *lv denied* 100 NY2d 599, 1 NY3d 581).  Defendant's contention that he was denied effective assistance of counsel involves matters outside the record on appeal and thus is properly raised by way of a motion pursuant to CPL article 440 (*see People v Borcyk*, 60 AD3d 1489, 1490, *lv denied* 12 NY3d 923; *People v Barnes*, 56 AD3d 1171).  Finally, the sentence is not unduly harsh or severe.

Entered:  March 23, 2012                      Frances E. Cafarell
                                              Clerk of the Court