■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLIFFORD THOMPSON, Appellant. [1 NYS3d 823]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Joel Goldberg, J.), rendered June 16, 2011, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We reject the defendant's contention that he was deprived of a fair trial by the admission of testimony regarding his participation in a prior robbery. During defense counsel's cross-examination of a cooperating witness, he opened the door to a question about the defendant's involvement with that witness in that prior, otherwise unrelated, robbery (*see People v Wisdom*, 120 AD3d 724, 726 [2014]; *People v Barcero*, 116 AD3d 1060, 1061 [2014]). Moreover, upon admitting the evidence, the trial court issued an appropriate instruction that limited the potential for undue prejudice (*see People v Sheehan*, 105 AD3d 873, 875 [2013]).

Next, the defendant contends that the prosecutor improperly introduced evidence that he invoked his right to remain silent. The defendant's contention is not preserved for appellate review and is, in any event, without merit. Contrary to the defendant's contention, he did not invoke his right to remain silent, and the prosecutor did not allege that he had (*see People v Beecham*, 74 AD3d 1216, 1217 [2010]; *People v Sprague*, 267 AD2d 875, 879 [1999]; *cf. People v Santiago*, 118 AD3d 1163, 1166 [2014]).

The defendant's remaining contention is without merit. Rivera, J.P., Balkin, Duffy and LaSalle, JJ., concur.