People v Decker (2018 NY Slip Op 01676)





People v Decker


2018 NY Slip Op 01676


Decided on March 15, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 15, 2018

108311

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
MICHAEL DECKER, Appellant.

Calendar Date: January 8, 2018

Before: Egan Jr., J.P., Lynch, Clark, Mulvey and Rumsey, JJ.


Samantha E. Koolen, Albany, for appellant.
J. Anthony Jordan, District Attorney, Fort Edward (Joseph A. Frandino of counsel), for respondent.


Lynch, J.

MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Washington County (McKeighan, J.), rendered January 22, 2016, convicting defendant upon his plea of guilty of the crime of attempted promoting prison contraband in the first degree.
Defendant, an inmate, was charged with promoting prison contraband in the first degree after he admitted to a correction officer that he was hiding a weapon between his buttocks. The item was discovered shortly thereafter during a strip search. County Court denied defendant's motion to suppress his statement to the correction officer. Defendant pleaded guilty to a reduced felony charge of attempted promoting prison contraband in the first degree and was sentenced to a prison term of 1½ to 3 years to run consecutively to the term he was already serving.
Defendant now appeals.
Defendant contends that the circumstances under which his statement was made was custodial for purposes of Miranda and, therefore, County Court erred in denying his suppression motion. In a correctional facility, Miranda warnings are necessary where "the circumstances of the detention and interrogation . . . entail added constraint that would lead a prison inmate reasonably to believe that there has been a restriction on the person's freedom over and above that of ordinary confinement in a correctional facility" (People v Alls, 83 NY2d 94, 100 [1993]; accord People v Hadfield, 119 AD3d 1224, 1226 [2014], lv denied 24 NY3d 1002 [2014]). A Miranda warning is not necessary for "relatively brief, generally public, or otherwise on-the-scene investigatory detentions" that are typically not custodial (People v Alls, 83 NY2d at [*2]100).
At the suppression hearing, Travis Reynolds, a correction officer, testified that he was monitoring inmates as they passed through a metal detector on their way to lunch. Because the metal detector sounded as defendant passed through, Reynolds had defendant step out of line and place his hands against a nearby wall so that Reynolds could conduct a pat frisk. When no contraband was found, Reynolds directed defendant to sit in a metal detecting chair located approximately 12 feet from the metal detector and its alarm again indicated the presence of metal. Reynolds directed defendant to return to the wall for a second frisk, but first asked whether defendant "had anything." After initially denying any misconduct, defendant then admitted that he had a "scalpel." Reynolds then placed defendant in handcuffs and, during an ensuing strip search, a two-inch sharpened piece of metal with a handle made with electrical tape was discovered. In our view, the interchange between Reynolds and defendant was not custodial but a routine, "on-the-scene investigatory detention[]" (id.; see People v Darrell, 145 AD3d 1316, 1318-1319 [2016], lv denied 29 NY3d 1125 [2017]). Accordingly, we find that County Court properly denied defendant's suppression motion.
Turning to defendant's arguments with regard to his guilty plea, an inmate is guilty of attempted promoting prison contraband in the first degree when he or she attempts to "knowingly and unlawfully make[], obtain[], or possess[] any dangerous contraband" (Penal Law § 205.25 [2]; see Penal Law § 110.00). Defendant claims that County Court failed to discuss the "unlawful" element and did not distinguish his right to a bench trial as an alternative to a jury trial. These claims are not preserved for our review as the record does not reflect that defendant made a postallocution motion with respect thereto (see People v Williams, 27 NY3d 212, 219 [2016]; People v Lopez, 71 NY2d 662, 665-666 [1988]). Absent such a motion, we may review a plea on appeal "[i]n that rare case . . . where the defendant's recitation of the facts underlying the crime pleaded to clearly casts significant doubt upon the defendant's guilt" (People v Lopez, 71 NY2d at 666). We find, however, that none of defendant's statements at the plea colloquy triggered the exception to the preservation requirement (see People v Williams, 27 NY3d at 214; People v Leflore, 154 AD3d 1164, 1165 [2017]; People v Tole, 119 AD3d 982, 983 [2014]; compare People v Gresham, 151 AD3d 1175, 1178 [2017]).
Next, defendant argues that he was denied the right to the effective assistance of counsel because trial counsel failed to file a timely motion to dismiss the indictment based on a grand jury deficiency and failed to request a Singer hearing to challenge the pretrial delay. As the record fails to indicate that defendant made an appropriate postallocution motion to withdraw the plea, these claims have also not been preserved for our review (see People v Terry, 122 AD3d 955, 956 [2014]; People v Kerwin, 117 AD3d 1097, 1098 [2014]). In any event, we note that "[t]here can be no denial of effective assistance of trial counsel arising from counsel's failure to make a motion or argument that has little or no chance of success" (People v Caban, 5 NY3d 143, 152 [2005] [internal quotation marks and citation omitted]). Here, the record fails to support a conclusion that, if defendant had testified before the grand jury, there would have been a different outcome (see People v Beecham, 74 AD3d 1216, 1217 [2010], lv denied 15 NY3d 918 [2010]). Similarly, and in the absence of any claim of prejudice, we are unable to conclude that the one-year preindictment delay constituted a denial of defendant's due process rights (see People v Alger, 23 AD3d 706, 707 [2005], lv denied 6 NY3d 845 [2005]).
Egan Jr., J.P., Clark, Mulvey and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed.