People v Plass (2018 NY Slip Op 02488)





People v Plass


2018 NY Slip Op 02488


Decided on April 11, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 11, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2015-05002
 (Ind. No. 127/13)

[*1]The People of the State of New York, respondent,
v
Scott Plass, appellant.


Bruce A. Petito, Poughkeepsie, NY, for appellant.
William V. Grady, District Attorney, Poughkeepsie, NY (Kirsten A. Rappleyea of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Victor Alfieri, J.), rendered May 27, 2015, convicting him of criminal sexual act in the third degree (six counts), sexual abuse in the third degree (three counts), and endangering the welfare of a child, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Stephen L. Greller, J.), of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement authorities.
ORDERED that the judgment is affirmed.
The defendant was charged with criminal sexual act in the third degree (six counts), sexual abuse in the third degree (three counts), and endangering the welfare of a child, for conduct against a victim who was 16 years old at the time of the offenses. The County Court denied that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement authorities, and his separate motion to sever count 10 of the indictment, which charged endangering the welfare of a child, on the ground that the acts underlying that charge were alleged to have been committed outside the court's jurisdiction. After a trial, a jury convicted the defendant of all 10 counts.
Pursuant to CPL 20.40, and insofar as is relevant here, a County Court has jurisdiction over an offense where, inter alia, conduct occurred within the county which was sufficient to establish an element of the offense (see People v Guzman, 153 AD3d 1273, 1275). Two offenses are properly joinable in the same indictment pursuant to CPL 200.20(2)(b) when they are based upon different criminal transactions, but they "are of such nature that either proof of the first offense would be material and admissible as evidence in chief upon a trial of the second," or, pursuant to subsection (c), when they are "defined by the same or similar statutory provisions and consequently are the same or similar in law" (CPL 200.20[2][b], [c]). A defendant may seek severance of counts joined under subsection (c) "in the interest of justice and for good cause shown" (CPL 200.20[3]; see People v Lane, 56 NY2d 1, 7; People v Haywood, 124 AD3d 798, 800). Good cause exists where, inter alia, there is substantially more evidence as to one offense than the others and the jury is unlikely to be able to separate them or where the defendant demonstrates that he has important testimony to give regarding one count and a genuine need to refrain from testifying as to the other [*2](see CPL 200.20[3][a], [b]). However, where counts are properly joined under subsection (b), a court does not have the authority to sever the counts (see People v Bonilla, 127 AD3d 985, 986; People v Beecham, 74 AD3d 1216).
Here, the alleged conduct forming the basis for count 10 of the indictment occurred in both Dutchess and Suffolk Counties, and proof of the conduct constituting the other nine counts was material and admissible as evidence in chief as to count 10. Further, the conduct which allegedly occurred in Dutchess County was sufficient to establish an element of the offense of endangering the welfare of a child (see CPL 20.40[1][a]). Accordingly, count 10 was properly joined to the other counts pursuant to CPL 200.20(2)(b), and the County Court correctly concluded that it lacked the authority to sever it (see People v Bonilla, 127 AD3d at 986; People v Beecham, 74 AD3d at 1216).
"At a hearing to suppress statements made to law enforcement officials, the People have the burden of demonstrating, beyond a reasonable doubt, that the defendant's statements were voluntary" (People v Johnson, 139 AD3d 967, 969, affd 2018 WL 1413471; see People v Jin Cheng Lin, 26 NY3d 701, 719; People v Thomas, 22 NY3d 629, 641; People v Williams, 62 NY2d 285, 288-289). If the People meet their burden, the defendant then bears the burden of persuasion (see People v Johnson, 139 AD3d at 969; People v Santos, 112 AD3d 757, 758; People v Aveni, 100 AD3d 228, 237). A hearing court's credibility determinations are entitled to deference and will not be disturbed unless they are not supported by the record (see People v Mateo, 2 NY3d 383, 413; People v Johnson, 139 AD3d at 970; People v Hobson, 111 AD3d 958, 959; People v Baliukonis, 35 AD3d 626, 627).
Here, the defendant contends that the police deceived him by implying that making statements against his penal interest would be to his advantage. However, generalized promises of leniency do not create a substantial risk that a defendant might falsely incriminate himself or herself (see People v Lugo, 60 AD3d 867, 868-869; People v Rufino, 293 AD2d 498, 499), and there is nothing in this record to suggest that the statements made by the police were of a nature that they would have overborne the defendant's will (see People v Mateo, 2 NY3d at 413; People v Johnson, 139 AD3d at 969-970). Therefore, the County Court properly denied that branch of the defendant's omnibus motion which was to suppress his statements to the police.
The evidence presented against a defendant is legally sufficient if, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt" (People v Taylor, 94 NY2d 910, 911 [internal quotation marks omitted]; see People v Davis, 28 NY3d 294, 300; People v Denson, 26 NY3d 179, 188; People v Heidgen, 22 NY3d 259, 277; People v Abraham, 22 NY3d 140, 146). Contrary to the defendant's contention, the victim's testimony as to his date of birth and the defendant's own statement of his date of birth to the police were legally sufficient to establish a lack of consent based upon incapacity to consent because the victim was less than 17 years old (see Penal Law § 130.05[1], [2][b]; [3][a]), and thus to support the defendant's convictions of criminal sexual act in the third degree (see Penal Law § 130.40[2]) and sexual abuse in the third degree (see Penal Law § 130.55). In addition, the defendant's convictions were not against the weight of the evidence (see People v Kancharla, 23 NY3d 294, 302-303; People v Danielson, 9 NY3d 342, 348; People v Bleakley, 69 NY2d 490, 495).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
RIVERA, J.P., AUSTIN, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court