People v Grant (2019 NY Slip Op 01793)





People v Grant


2019 NY Slip Op 01793


Decided on March 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY, JJ.


2015-04449
 (Ind. No. 340/13)

[*1]The People of the State of New York, respondent,
v
Jeryl Grant, appellant.


Paul Skip Laisure, New York, NY (Jonathan Schoepp-Wong of counsel), for appellant.
Michael E. McMahon, District Attorney, Staten Island, NY (Morrie I. Kleinbart of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Richmond County (William Garnett, J.), rendered May 12, 2015, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Stephen J. Rooney), of that branch of the defendant's omnibus motion which was to suppress statements he made to law enforcement officials.
ORDERED that the judgment is affirmed.
The defendant was arrested in connection with a shooting that occurred on November 16, 2013. Two police officers interviewed the defendant. After the defendant was shown photographs taken from a surveillance video of him at the scene of the incident, he confessed to being the shooter. Following a jury trial, the defendant was convicted of criminal possession of a weapon in the second degree. The defendant appeals from the judgment of conviction, arguing that the trial court should have suppressed his postarrest statements to law enforcement officials, instructed the jury that false promises had undermined the voluntariness of his statements, and given the jury a missing witness charge regarding the police officer who testified at the suppression hearing but did not testify at trial. The defendant also contends that the surveillance video admitted into evidence was not properly authenticated.
" At a hearing to suppress statements made to law enforcement officials, the People have the burden of demonstrating, beyond a reasonable doubt, that the defendant's statements were voluntary'" (People v Plass, 160 AD3d 771, 772, quoting People v Johnson, 139 AD3d 967, 969, affd 31 NY3d 942; see People v Jin Cheng Lin, 26 NY3d 701, 719; People v Thomas, 22 NY3d 629, 641; People v Williams, 62 NY2d 285, 288-289). A hearing court's credibility determinations are entitled to deference and will not be disturbed unless they are unsupported by the record (see People v Mateo, 2 NY3d 383, 413; People v Johnson, 139 AD3d at 970; People v Hobson, 111 AD3d 958, 959; People v Baliukonis, 35 AD3d 626, 627).
Here, the defendant contends that law enforcement officials deceived him by implying that making statements against his penal interest would be to his advantage. However, generalized promises of leniency do not create a substantial risk that a defendant might falsely incriminate himself or herself (see People v Plass, 160 AD3d at 773; People v Lugo, 60 AD3d 867, 868-869; People v Rufino, 293 AD2d 498, 499), and there is nothing in this record to suggest that the [*2]statements made by the law enforcement officials were of a nature that they would have overborne the defendant's will (see People v Mateo, 2 NY3d at 413; People v Plass, 160 AD3d at 773; People v Johnson, 139 AD3d at 969-970). Therefore, we agree with the Supreme Court's denial of that branch of the defendant's omnibus motion which was to suppress statements he made to law enforcement officials.
The Supreme Court's jury charge regarding the voluntariness of the defendant's statements to law enforcement officials, which was in accordance with the language contained in the pattern jury instructions in place at the time, was proper (see CJI2d[NY] Statements [Admissions, Confessions]— Traditional Involuntariness, Expanded Charge on Traditional Voluntariness; People v Mateo, 2 NY3d at 416 n 20; People v Prospect, 50 AD3d 1064, 1065; People v Lubrano, 43 AD3d 829).
The defendant's contention that the Supreme Court erred in denying his request for a missing witness charge is without merit, as the defendant failed to show that the uncalled witness would provide noncumulative testimony (see People v Edwards, 14 NY3d 733, 735; People v Locenitt, 157 AD3d 905, 907; People v Chestnut, 149 AD3d 772, 773), and defense counsel was permitted to comment during summation on the People's failure to call the witness in question (see People v Williams, 5 NY3d 732, 734; People v Locenitt, 157 AD3d at 907; People v Barber, 133 AD3d 868, 870).
Contrary to the defendant's contention, the surveillance video was properly admitted in evidence at trial. The surveillance video was authenticated by a detective who testified that he personally copied the store video from the surveillance system onto a mini-DV recorder, verified that the video system was in operation, testified that the date and time on the video appeared to be accurate, and testified to the unaltered condition of the video (see People v Martinez, 164 AD3d 1260; People v Costello, 128 AD3d 848; People v Boyd, 97 AD3d 898, 899; People v Orlando, 61 AD3d 1001, 1002).
MASTRO, J.P., BALKIN, LASALLE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court