People v Black (2019 NY Slip Op 03612)





People v Black


2019 NY Slip Op 03612


Decided on May 8, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
VALERIE BRATHWAITE NELSON, JJ.


2017-04933
 (Ind. No. 57/16)

[*1]The People of the State of New York, respondent,
v
Marcus Black, appellant.


Carol Kahn, New York, NY, for appellant.
William V. Grady, District Attorney, Poughkeepsie, NY (Kirsten A. Rappleyea of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Peter M. Forman, J.), rendered March 30, 2017, convicting him of burglary in the second degree and criminal possession of stolen property in the fourth degree, upon a jury verdict, and sentencing him to an indeterminate term of imprisonment of 25 years to life on the conviction of burglary in the second degree, to run consecutively to an indeterminate term of imprisonment of 2 to 4 years on the conviction of criminal possession of stolen property in the fourth degree. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress statements he made to law enforcement officials.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the term of imprisonment imposed on the conviction of burglary in the second degree from an indeterminate term of 25 years to life to an indeterminate term of 20 years to life, and by providing that the sentences shall run concurrently with each other; as so modified, the judgment is affirmed.
The defendant was charged with burglary in the second degree and criminal possession of stolen property in the fourth degree. Following a hearing, the County Court denied that branch of his omnibus motion which was to suppress statements he made to law enforcement officials. Upon a jury verdict, the defendant was convicted of burglary in the second degree and criminal possession of stolen property in the fourth degree.
The defendant contends, inter alia, that the County Court erred in denying that branch of his omnibus motion which was to suppress statements he made to law enforcement officials because the People failed to prove beyond a reasonable doubt that his statements were voluntarily made and because his statements were taken in violation of his right to counsel under the Sixth and Fourteenth Amendments to the United States Constitution. The defendant's contentions are without merit.
On a motion to suppress a statement on the ground that it was involuntarily made, the People bear the burden of proving voluntariness beyond a reasonable doubt (see People v Thomas, 22 NY3d 629, 641; People v Guilford, 21 NY3d 205, 208; People v Anderson, 42 NY2d [*2]35, 38-39). The defendant contends that he was deceived by the police into making a statement by, among other things, promises of leniency and misstatements as to the evidence the police already possessed. "[N]ot all deception of a suspect is coercive" (People v Thomas, 22 NY3d at 642). Rather, where deception has been employed, the People must prove, under the totality of the circumstances— including the means employed and the vulnerability of the defendant—that the defendant's statements were the product of the defendant's own choice, or, put otherwise, that his or her will was not overborne (see id. at 641-642). In this respect, "generalized promises of leniency do not create a substantial risk that a defendant might falsely incriminate himself or herself" (People v Plass, 160 AD3d 771, 773; see People v Lugo, 60 AD3d 867, 868-869). Here, the comments to the defendant by the police did not create a danger of a false confession, and they were not of such a nature that they would have "overborne" the defendant's will (People v Plass, 160 AD3d 773; see People v Woods, 93 AD3d 1287, 1288; People v Lugo, 60 AD3d at 868-869).
The defendant's contentions that either he did not receive Miranda warnings (see Miranda v Arizona, 384 US 436, 448), the warnings were insufficient, or the warnings should have been repeated, are without merit. We accord deference to a hearing court's credibility determinations and will not disturb them unless the record does not support them (see People v Wiggins, 146 AD3d 995, 995). Here, the County Court credited a detective's testimony at the suppression hearing that he fully administered Miranda warnings to the defendant before questioning him, and this credibility determination is supported by the record (id.). Moreover, where, as here, a person in police custody was issued Miranda warnings and waived those rights voluntarily and intelligently, it is not necessary to repeat the warnings prior to subsequent questioning within a reasonable time thereafter, so long as the custody has remained continuous (see People v Hall, 145 AD3d 915, 916; People v Loucks, 125 AD3d 890, 890-891; People v Gega, 74 AD3d 1229, 1231). The defendant was in custody continuously for the approximately two hours after he received his Miranda warnings and before he began his statements (cf. People v Zappulla, 282 AD2d 696, 697-698). Given that time period and the attendant circumstances, it was not necessary for the police to readminister the warnings (see People v Hall, 145 AD3d at 915-916). Accordingly, we agree with the court's determination that the People met their burden of proving beyond a reasonable doubt that the defendant's statements to the police were voluntary (see People v Loucks, 125 AD3d at 890).
The record does not support the defendant's contention that his statements were taken in violation of his right to counsel (see generally People v Henry, 31 NY3d 364).
The defendant's contention regarding the legal sufficiency of the evidence supporting his conviction of burglary in the second degree is unpreserved for appellate review (see CPL 470.05[2]; People v Gray, 86 NY2d 10, 19) and, in any event, without merit. Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt of burglary in the second degree beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410). Upon reviewing the record here, we are satisfied that the verdict of guilt with respect to burglary in the second degree was not against the weight of the evidence (see People v Romero, 7 NY3d 633, 643-644).
The sentence imposed was excessive to the extent indicated herein (see People v Suitte, 90 AD2d 80).
BALKIN, J.P., CHAMBERS, COHEN and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court